772 F.2d 1150
 Bankr. L. Rep. P 70,748
Richard S. HARMAN, Esquire, Attorney for debtors, Appellant,
and
Charles Paul Robertson, Darlene Robertson, Allen Depta and
Constance Elaine Depta; Michael William Belch; Paula
Helene Belch; David Matthew Brown, Sr.; Donnie Bruce
Brown; Willie Keith Simmons; Cynthia Ann Simmons; Mel
Leonard Stull; Donna Lee Stull; Larry Charles Sylvester;
Carolyn Laverne Sylvester fka Patricia Gayle Nicholson;
Christopher Allen McCann, Sr.; Patricia Gayle McCann fka
Patricia Gayle Nicholson; Robert Richard Salmen; Michele
Barber Salmen; Paul David Barnes; Anita Chumney Barnes fka
Anita Ward Chumney, Plaintiffs,
v.
David R. LEVIN, Esquire, Trustee, Appellee.
In re Charles Paul ROBERTSON, Darlene Robertson, Allen Depta
and Constance Elaine Depta; Michael William Belch; Paula
Helene Belch; David Matthew Brown, Sr.; Donnie Bruce
Brown; Willie Keith Simmons; Cynthia Ann Simmons; Mel
Leonard Stull; Donna Lee Stull; Larry Charles Sylvester;
Carolyn Laverne Sylvester fka Patricia Gayle Nicholson;
Christopher Allen McCann, Sr.; Patricia Gayle McCann fka
Patricia Gayle Nicholson; Robert Richard Salmen; Michele
Barber Salmen; Paul David Barnes; Anita Chumney Barnes fka
Anita Ward Chumney, Debtors.
William C. White, United States Trustee, Amicus Curiae.
 No. 84-2045.
 United States Court of Appeals,
Fourth Circuit.
 Argued April 2, 1985.
Decided Sept. 17, 1985.
 
 Richard S. Harman, Norfolk, Va., for appellant.
 David R. Levin, Portsmouth, Va., for appellee.
 William C. White, Alexandria, Va. (Debera K. Frick, Norfolk, Va., on brief), for amicus curiae.
 Before WINTER, Chief Judge, and SPROUSE and SNEEDEN, Circuit Judges.
 SPROUSE, Circuit Judge:
 
 
 1
 This appeal involves the issue of whether the calculation and award of attorney's fees by a bankruptcy court is correct. Attorney Richard S. Harman represented debtors in ten Chapter 13 bankruptcy proceedings. In each proceeding he filed a request for attorney's fees which was challenged as unreasonable and excessive by bankruptcy trustee David R. Levin. The bankruptcy court in each instance agreed with Levin that the requested fees were excessive and awarded amounts equalling approximately sixty percent of Harman's requests. Harman appealed to the district court, which found that the bankruptcy court had properly evaluated the fee in each case according to the twelve factors set out in Barber v. Kimbrell's, Inc., 577 F.2d 216 (4th Cir.), cert. denied, 439 U.S. 934, 99 S.Ct. 329, 58 L.Ed.2d 330 (1978), and that the bankruptcy court was not clearly erroneous in its fee determinations. Because we hold that the Barber factors are properly employed in the determination of a reasonable attorney's fee under 11 U.S.C. Sec. 330 (Supp. II 1984) and that the bankruptcy court committed no error in applying them in this case, the judgments of the district court are affirmed.
 
 
 2
 The ten Chapter 13 petitions were each jointly filed by a husband and wife. The bankruptcy court found them all to be routine cases devoid of any unusual factors. In each case, Harman filed with the bankruptcy court a request for compensation under 11 U.S.C. Sec. 330, and trustee Levin filed an "Objection to Attorney's Fee" in the bankruptcy court challenging each request on the ground that "[t]he said fee is not reasonable, and is excessive." The bankruptcy court conducted a hearing in each case and fixed the fees in amounts substantially below those requested by Harman. In an opinion dealing with two of the cases, the bankruptcy court addressed each of the twelve factors set out in Barber v. Kimbrell's, Inc., 577 F.2d 216 (4th Cir.), cert. denied, 439 U.S. 934, 99 S.Ct. 329, 58 L.Ed.2d 330 (1978),[1] and made factual findings bearing on the criteria. The court referred to the findings and conclusions of that opinion in a second opinion dealing with the remaining eight cases at issue. The awarded fee in each of the ten cases was, on average, approximately forty percent less than Harman's request.[2]
 
 
 3
 Harman contends on appeal that the bankruptcy court erred both in its fact-finding and in its application of the twelve Barber factors. He asserts that the fees awarded him fail to reflect the fees for comparable services in nonbankruptcy cases. He stresses that the fees in a Chapter 13 case are always contingent because the success of the debtors' Chapter 13 plans is not assured. He also argues that additional compensation is appropriate in joint cases.
 
 
 4
 Section 330 of the Bankruptcy Code provides that the bankruptcy court "may award ... to the debtor's attorney ... reasonable compensation for actual, necessary services ... based on the nature, the extent, and the value of such services, the time spent on such services and the cost of comparable services other than in a case under this title...." 11 U.S.C. Sec. 330(a)(1) (Supp. II 1984). The twelve factors analyzed in Barber are a parallel but more detailed approach to addressing the important considerations involved in setting attorney's fees, and we agree with the courts of appeals in the eighth and fifth circuits that the twelve-factor analysis of Barber is appropriate to determine attorney's fee awards in bankruptcy. In re McCombs, 751 F.2d 286, 288 (8th Cir.1984) (fee award under Sec. 330); In re U.S. Golf Corp., 639 F.2d 1197, 1201 (5th Cir.1981) (fee award under Bankruptcy Act of 1898). Accord In re Watson Seafood & Poultry Co., Inc., 40 B.R. 436, 438-39 (Bankr.E.D.N.C.1984) (Sec. 330); In re Harman Supermarket, Inc., 44 B.R. 918, 920 (Bankr.W.D.Va.1984) (Sec. 560). See also 2 Collier on Bankruptcy Sec. 330.05, at 330-18 (15th ed. 1983) ("the original Johnson [v. Georgia Highway Express, Inc.] factors ... remain applicable to the determination of the reasonableness of fees awarded under the Code") (footnote omitted).
 
 
 5
 We review the bankruptcy court's findings of fact as to the Barber factors under the clearly erroneous standard.[3] Under that standard, findings of fact will be affirmed unless our review of the entire record leaves us with the definite and firm conviction that a mistake has been committed. United States v. United States Gypsum Co., 333 U.S. 364, 395, 68 S.Ct. 525, 541, 92 L.Ed. 746 (1948). Nothing in this record raises any doubt concerning the correctness of the bankruptcy court's findings. It explored some of the factors in more detail than others, but there is sufficient evidence to support each finding.
 
 
 6
 Finally, in setting a reasonable fee on the basis of its findings, the bankruptcy court committed no abuse of its discretion. See Tousley v. North American Van Lines, Inc., 752 F.2d 96, 105 (4th Cir.1985). It considered each Barber factor as well as "other considerations" in fixing the fees. One of the "other considerations" was Harman's claim that the fees in a bankruptcy case should be treated as contingent because of the possibility that the plan will fail and the fees will not be paid. Moreover, the bankruptcy judge presided over all of the proceedings in the ten cases at issue and was aware of both the nature and quality of the efforts expended by Harman and was in a better position than a reviewing court to gauge the value of his services. Although the bankruptcy court did not arrive at the fee award by a simple time/hourly rate calculation, its method was in accord with the general rationale of Hensley v. Eckerhart, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). Chapter 13 bankruptcy cases often involve a number of relatively routine questions with which regular practitioners quickly become familiar, so they represent the type of cases where a court may well utilize factors in addition to the time reasonably expended and a reasonable hourly rate. See Hensley, 461 U.S. at 434 n. 9, 103 S.Ct. at 1940 n. 9; Arnold v. Burger King Corp., 719 F.2d 63, 67 (4th Cir.1983), cert. denied, --- U.S. ----, 105 S.Ct. 108, 83 L.Ed.2d 51 (1984); cf. Ballard v. Schweiker, 724 F.2d 1094, 1096-97 (4th Cir.1984) (quoting Blankenship v. Schweiker, 676 F.2d 116, 118 (4th Cir.1982) ) (appropriate to consider all factors in, rather than apply strict time/hourly rate analysis to, "repetitive" black lung and social security disability benefit cases). Despite Harman's other objections to the fee awards, we cannot say that under all the facts and circumstances the awards were clearly wrong. Barber, 577 F.2d at 226.
 
 
 7
 For the foregoing reasons, the judgments of the district court appealed from herein are
 
 
 8
 AFFIRMED.
 
 
 
 [1]
 Under Barber a court fixing a fee award must consider the following twelve factors:
 (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.
 577 F.2d at 226 n. 28 (relying on Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir.1974) ). Although the Supreme Court noted in Hensley v. Eckerhart, 461 U.S. 424, 434 n. 9, 103 S.Ct. 1933, 1940 n. 9, 76 L.Ed.2d 40 (1983), that many of these factors may be duplicative if the court first determines the hours expended by the attorney and a reasonable hourly rate for his services, independent consideration of each factor is within the discretion of the trial court. Ibid.; Arnold v. Burger King Corp., 719 F.2d 63, 67 & n. 4 (4th Cir.1983), cert. denied, --- U.S. ----, 105 S.Ct. 108, 83 L.Ed.2d 51 (1984).
 
 
 [2]
 Fees requested and awarded were (1) request $1,026, award $600; (2) request $1,500, award $675; (3) request $1,000, award $600; (4) request $1,000, award $600; (5) request $1,000, award $600; (6) request $1,000, award $600; (7) request $1,000, award $600; (8) request $976, award $600; (9) request $1,051, award $600; and (10) request $700 plus an hourly fee, award $600
 
 
 [3]
 Bankruptcy Rule 8013, promulgated by the Supreme Court under the Bankruptcy Code, provides that
 On an appeal the district court or bankruptcy appellate panel may affirm, modify, or reverse a bankruptcy court's judgment, order, or decree or remand with instructions for further proceedings. Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses.
 11 U.S.C., Bankr.Rule 8013. In 1616 Reminc Limited Partnership v. Atchison & Keller Co. (In re 1616 Reminic Limited Partnership), 704 F.2d 1313 (4th Cir.1983), we held that the materially identical predecessor to this rule, Rule 810 under the Bankruptcy Act of 1898, "unconstitutionally vested the non-Article III bankruptcy referee with too great a measure of the judicial power of the United States." 704 F.2d at 1318. We characterized that ruling as a "narrow" one, restricting only the authority of an Article I court to determine " 'a "traditional" state common-law action, not made subject to a federal rule of decision, and related only peripherally to an adjudication of bankruptcy under federal law.' " 704 F.2d at 1318 (quoting Northern Pipeline Construction Co. v. Marathon Pipeline Co., 458 U.S. 50, 92, 102 S.Ct. 2858, 2882, 73 L.Ed.2d 598 (1982) (Burger, C.J., dissenting) ). The constitutional limitation identified in Reminc does not apply, therefore, when the bankruptcy court determines a matter closely related to an adjudication of bankruptcy under federal law. To the contrary, the "application of the clearly erroneous standard has been 'routinely upheld' in proceedings within the core area of the federal bankruptcy power." In re Reid, 757 F.2d 230, 234 n. 5 (10th Cir.1985) (citing In re Osborne, 42 B.R. 988, 994 n. 1 (D.C.W.D.Wis.1984) ). As Reid indicates, 757 F.2d at 234 n. 5, this distinction between core and non-core matters is reflected in the appellate review provisions of the Bankruptcy Amendments and Federal Judgeship Act of 1984, Sec. 104(a), Pub.L. No. 98-353, 98 Stat. 333 (codified at 28 U.S.C. Secs. 157(c)(1), 158(c) ). Under that statute findings of fact rendered in "core proceedings" receive clearly erroneous deference, In re Reid, 757 F.2d at 234 n. 5; 28 U.S.C. Sec. 158(c), while findings in non-core proceedings must be reviewed de novo. In re Reid, 757 F.2d at 234 n. 5; 28 U.S.C. Sec. 157(c)(1).
 Awards of compensation for services rendered to the estate pursuant to section 330, including the attorney's fees involved in the instant case, are incidents of the administration of the estate and are closely tied to the exercise of the federal bankruptcy power. As such they are core proceedings and a bankruptcy court's fact-findings relating to them are reviewed under the clearly erroneous standard. 28 U.S.C. Sec. 157(b)(2)(A).