**In re Brian Alan BODDY; Kerriann Theresa Boddy, Debtors.**

**Brian Alan BODDY; Rice, Seiller, Cantor, Anderson & Bordy, Plaintiffs–Appellants,**

v.

**UNITED STATES BANKRUPTCY COURT, WESTERN DISTRICT OF KENTUCKY; William W. Lawrence, Trustee; Joseph J. Golden, Assistant United States Trustee, Defendants–Appellees.**

**No. 90–6523.**

United States Court of Appeals, Sixth Circuit.

Argued Aug. 6, 1991.

Decided Dec. 5, 1991.

Neil C. Bordy, David Cantor (argued and briefed), Seiller & Handmaker, Louisville, Ky., for plaintiffs-appellants.

Joseph L. Golden, Asst. U.S. Trustee, Louisville, Ky., for defendants-appellees.

William W. Lawrence (argued and briefed), Louisville, Ky.

Jane G. Young, Louisville, Ky., Thomas P. Tinker, U.S. Dept. of Justice, Office for U.S. Trustees, Washington, D.C., for Joseph J. Golden.

Before JONES and SUHRHEINRICH, Circuit Judges, and TODD, District Judge.[*]

SUHRHEINRICH, Circuit Judge.

Debtor Brian Alan Boddy and the law firm of Rice, Seiller, Cantor, Anderson & Bordy ("law firm"), appeal from an order of the United States District Court for the Western District of Kentucky affirming an interim award of attorney's fees granted by the bankruptcy court. Because the bankruptcy court applied an improper legal standard in determining the amount of attorney's fees, we vacate and remand.

[*] The Honorable James D. Todd, United States District Judge for the Western District of Ten-

## I.

The law firm represented debtors Brian Alan Boddy and Kerriann Theresa Boddy in their Chapter 13 bankruptcy case. At the section 341 meeting of creditors, the bankruptcy trustee recommended an attorney's fee of $500.00, which the bankruptcy court later adopted in its Order of Confirmation. On April 19, 1989, the law firm sought an additional $1,156.00 as interim compensation and $31.93 for reimbursement of expenses pursuant to 11 U.S.C. §§ 330 and 331.

On May 24, 1989, the bankruptcy court awarded the law firm $300.00 in interim compensation and $31.93 for reimbursement of expenses. In determining this amount, the bankruptcy court expressly relied on *In re Joyce Robinson,* No. 3–88–01023(1)(13) (Bankr.W.D.Ky. Sept. 2, 1988). *Robinson* established a maximum attorney's fee of $650.00 for legal services considered to be "normal and customary" for a Chapter 13 bankruptcy case in the Western District of Kentucky. The *Robinson* court stated that the "normal and customary" legal services in a Chapter 13 case were:

1) Drafting & filing debtor's petition, schedules and plan; 2) Attending the 341 meeting of creditors and confirmation hearing, if required; 3) Drafting and filing notice and orders for the allowance and barring of claims; and 4) other services in furtherance of concluding the administration of this case.

*Robinson,* slip op. at 1. The *Robinson* court concluded that

[a]lthough a maximum fee of Six Hundred Fifty Dollars ($650.00) is now established by the Court for the normal and customarily [sic] performance of legal services required to assist a debtor is [sic] a Chapter 13 case, debtor's counsel who performs services which are extraordinary or which are beyond those requirements considered normal and customary may petition the Court for allow-

nessee, sitting by designation.

ance of additional compensation pursuant to Section 330 of the Code.

*Id.* at 2.

Applying *Robinson,* the bankruptcy court in the present case decided that the law firm was entitled to interim compensation of only $300.00 for its legal services. The law firm appealed the award of compensation to the district court, which affirmed the bankruptcy court. This appeal followed.

## II.

### A. *Jurisdiction*

We initially address an issue not raised by the parties: the finality of the bankruptcy court's interim award of attorney's fees. Under 28 U.S.C. § 158(d) the courts of appeals only have jurisdiction over "appeals from all *final* decisions, judgments, orders, and decrees" of district courts reviewing bankruptcy court decisions (emphasis added). In order for this court to have jurisdiction, the underlying decision of the bankruptcy court must be final as well. *In re Cottrell,* 876 F.2d 540, 541 (6th Cir.1989). The first issue thus is whether the decision of the bankruptcy court is a final or an interlocutory order. *Id.* It is well established that interim awards of compensation under 11 U.S.C. §§ 330 and 331 are interlocutory orders of the bankruptcy court, and as such they generally are not considered final judgments. *See In re Stable Mews Associates,* 778 F.2d 121, 122–23 & n. 3 (2d Cir.1985); *In re Four Seas Center, Ltd.,* 754 F.2d 1416, 1419 (9th Cir.1985); *In re Callister,* 673 F.2d 305, 307 (10th Cir. 1982).

■ We agree with these courts that an interim award of compensation granted by a bankruptcy court in an ongoing bankruptcy proceeding generally is an interlocutory order not subject to review in this court. However, several cases recognize that a bankruptcy court's order of compensation may be considered final "where the order conclusively determine[s] the entire section 330 compensation to be paid" to the attorneys. *In re Spillane,* 884 F.2d 642, 644 (1st Cir.1989); *see also In re Dahlquist,* 751 F.2d 295, 297 (8th Cir.1985) (interim award of attorney's fee rendered final by dismissal of underlying bankruptcy proceedings); *In re Yermakov,* 718 F.2d 1465, 1469 (9th Cir.1983) (order awarding fees final because attorneys requesting fees were discharged by client prior to entry of order). The rationale behind these decisions is that an order of interim fees becomes final when it is no longer subject to modification by the bankruptcy court.

In the present case, the debtors' plan has been confirmed and the law firm's compensation has been conclusively determined. Although the law firm may request additional fees for post-confirmation services, the bankruptcy court can not increase the interim fee award due to the express $650.00 limitation established in *Robinson.* The application of the *Robinson* standard renders the bankruptcy court's fee award a final, appealable order. Consequently, we have jurisdiction to review the district court's final decision affirming the bankruptcy court's final order of attorney's fees. *See In re Gardner,* 810 F.2d 87, 92 (6th Cir.1987).

### B. *The Fee Award*

The law firm contends that the "normal and customary" standard used by the bankruptcy court to determine the interim fee award is "arbitrary and contrary to 11 U.S.C. §§ 329 and 330." The law firm maintains that the bankruptcy court erred by not evaluating the actual, necessary services rendered in this case, and the reasonable time necessary to perform such services, prior to determining the interim fee.

■ We review the bankruptcy court's findings of fact under the clearly erroneous standard. *See* Bankr.R. 8013. We will not reverse a bankruptcy court's award of fees unless there has been an abuse of discretion. *Harman v. Levin (In re Robertson),* 772 F.2d 1150, 1153 (4th Cir.1985).

Under the Bankruptcy Reform Act of 1978 ("Code") compensation awards are authorized by 11 U.S.C. § 330, which provides, in part, for "reasonable compensation for actual, necessary services rendered ... based on the nature, the extent, and

the value of such services, the time spent on such services, and the cost of comparable services other than in a case under this title...." 11 U.S.C. § 330(a)(1). "In determining a reasonable attorney's fee under § 330, many courts have adopted the formula used to calculate fees under various federal fee-shifting statutes." *In re Manoa Finance Co., Inc.*, 853 F.2d 687, 690 (9th Cir.1988); *see also In re Consolidated Bancshares, Inc.*, 785 F.2d 1249, 1257 (5th Cir.1986); *Harman*, 772 F.2d at 1152. Under the typical federal fee-shifting statute, the court will arrive at an attorney's fee by first determining the "lodestar" amount, which is calculated by "multiplying the attorney's reasonable hourly rate by the number of hours reasonably expended." *Grant v. George Schumann Tire & Battery Co.*, 908 F.2d 874, 879 (11th Cir.1990) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983)).

■ The Supreme Court has made it clear that the lodestar method of fee calculation is the method by which federal courts should determine reasonable attorney's fees under federal statutes which provide for such fees. *See, e.g., Pennsylvania v. Delaware Valley Citizens Council for Clean Air*, 483 U.S. 711, 107 S.Ct. 3078, 97 L.Ed.2d 585 (1987) (lodestar method used to calculate fees under Clear Air Act); *Hensley*, 461 U.S. at 433–34, 103 S.Ct. at 1939–40 (lodestar method used to calculate fees under 42 U.S.C. § 1988). Because the Code provides for attorney's fees, and because the plain language of the Code indicates Congress intended no distinction between attorney's fees in bankruptcy cases and those awarded in nonbankruptcy cases, the courts have generally relied upon the lodestar approach when determining attorney's fees in bankruptcy cases. *See Grant*, 908 F.2d at 878; *Manoa Finance*, 853 F.2d at 690; *Consolidated Bancshares*, 785 F.2d at 1257. We join these courts in adopting the lodestar method of fee calculation for bankruptcy cases.

■ In the present case, the bankruptcy court did not engage in the lodestar analysis. The bankruptcy court instead employed the *Robinson* "normal and customary" standard to determine the fee award. No effort was made to determine a reasonable hourly rate for the particular attorney handling the case and then multiply that rate by the reasonable hours worked on the case. Rather, the court focused on whether the services performed were "extraordinary" in order to determine if interim fees were warranted. This was an abuse of discretion by the bankruptcy court because it applied an improper legal standard.

The trustee argues that Chapter 13 cases are so routine that the bankruptcy court should not have to consider the actual work performed by a debtor's attorneys because the fee awards typically will not amount to more than the $650.00 maximum established in *Robinson*. While the bankruptcy courts certainly know the typical compensation paid for legal services in a Chapter 13 case better than this court, the establishment of a fixed fee for certain "normal and customary" services is directly contrary to the plain "actual, necessary services rendered" language of 11 U.S.C. § 330. Further, the establishment of a maximum amount for attorney's fee awards resembles the practice of the courts under the pre-Code Bankruptcy Act, when economy of the debtor's estate was a paramount concern. This notion that economy of the estate should govern the award of attorney's fees was expressly repudiated by the Code. *See* 124 Cong.Rec. 33,994 (1978), *reprinted in* 1978 U.S.Code Cong. & Admin.News 5787, 6505, 6511 ("Notions of economy of the estate in fixing fees are outdated and have no place in a bankruptcy code").

Nor can it be argued that the bankruptcy court's approach in the present case necessarily involved use of the lodestar method. This is not apparent from the bankruptcy court's opinion, and we will not infer that the proper analysis was performed without some evidence in the record. Indeed, one of the problems with the bankruptcy court's approach is that it allows the court to award attorney's fees with little or no analysis of how the fees are determined. We are unable to assess the propriety of a

fee award on appeal without any explanation as to how the court calculated the amount of the award. *Matter of Evangeline Refining Co.*, 890 F.2d 1312, 1328 (5th Cir.1989). Without at least some discussion of the lodestar factors, the award of attorney's fees in Chapter 13 bankruptcy cases in the Western District of Kentucky becomes arbitrary and unreviewable. *Id.; see also In re Paster*, 119 B.R. 468, 470 (E.D.Pa.1990) (lodestar factors should be considered in Chapter 13 cases).

■ Nevertheless, we do not hold that the bankruptcy court can never consider the "normal and customary" services rendered in a Chapter 13 bankruptcy. The court can legitimately take into account the typical compensation that is adequate for attorney's fees in Chapter 13 cases, as long as it expressly discusses these factors in light of the reasonable hours actually worked and a reasonable hourly rate. The bankruptcy court also may exercise its discretion to consider other factors such as the novelty and difficulty of the issues, the special skills of counsel, the results obtained, and whether the fee awarded is commensurate with fees for similar professional services in non-bankruptcy cases in the local area. *See Harman*, 772 F.2d at 1152 n. 1 (citing twelve factors bankruptcy courts may consider). In many cases, these factors will be duplicative if the court first determines the lodestar amount because the lodestar presumably subsumes all of these factors in its analysis of the *reasonable* hourly rate and the *reasonable* hours worked. *See Blum v. Stenson*, 465 U.S. 886, 898–900, 104 S.Ct. 1541, 1549, 79 L.Ed.2d 891 (1984); *Hensley*, 461 U.S. at 434 n. 9, 103 S.Ct. at 1940 n. 9; *Harman*, 772 F.2d at 1152 n. 1; *Matter of Cena's Fine Furniture, Inc.*, 109 B.R. 575, 581 (E.D.N.Y.1990). At a minimum, however, the bankruptcy courts must expressly calculate the lodestar amount when determining reasonable attorney's fees.

## III.

For the foregoing reasons, we VACATE the award of interim compensation and RE-MAND to the district court with instructions to further REMAND to the bankruptcy court for a determination of appropriate attorney's fees in accordance with this opinion.