**In re Robert John MARSH, Jr., Patricia Amanda Marsh, Debtor.***

**Bankruptcy No. 79–01268.**

United States Bankruptcy Court,
E. D. Virginia,
Norfolk Division.

Sept. 21, 1981.

---

* In re Kenneth James Brunt, Jr., 79–01273; In re Charles Leslie Neal, 79–01457; In re Sheridan Ruth Shettles, 79–01459; In re James Allen Trail, Jr., 80–00347; In re John Perreira Moranha, 80–00567; In re Richard Lewis Frazier, 80–00880; In re Michael Anthony Gay, II, 80–00024; In re Alexander Ricks, 80–00084.

**616**

H. Lee Addison, III, Pender, Coward, Addison & Morgan, Norfolk, Va., trustee.

William R. Moore, Jr., Smithfield, Va., trustee.

Charles L. Marcus, Portsmouth, Va., trustee.

Edward G. Grant, Norfolk, Va., trustee.

John E. Robins, Jr., Norfolk, Va., Asst. U. S. Trustee.

## MEMORANDUM OPINION

HAL J. BONNEY, Jr., Bankruptcy Judge.

The Court of its own motion set for hearing the matter of trustees' expenses upon reviewing the "Notice of Filing of Trustee's Final Report and Account Before Distribution, Applications for Compensation and Reimbursement of Expenses and Fixing the Time for Requesting a Hearing Thereon" and the supporting papers in each of the captioned cases. What struck the eye and incited inquiry is reflected in the following summary:

| | Receipts | Commissions | Expenses |
|---|---|---|---|
| MARSH | $1,008.52 | 151.28 | 118.00 |
| BRUNT | 489.76 | 73.46 | 61.50 |
| NEAL | 50.00 | 7.50 | 42.50 |
| SHETTLES | 357.65 | 53.65 | 61.50 |
| TRAIL | 493.58 | 64.38 | 177.00 |
| MORANHA | 1,951.40 | 207.08 | 190.00 |
| FRAZIER | 1,257.61 | 165.46 | 189.00 |
| GAY | 400.00 | 60.00 | 94.90 |
| RICKS | 165.62 | 24.84 | 140.78 |

No question exists as to the work of the trustees; indeed, they are experienced, honorable trustees who "rolled over" from Act to Code. Indeed, further, they are victims of a chintzy Code which provides them precious little in nominal asset cases, such as these, in spite of considerable effort expanded. 11 U.S.C. 326(a).

Under the old regime, a fee of $150 was authorized, in the discretion of the Court, in these nominal asset cases. 11 U.S.C. 48(c)(1), repealed. So, where a trustee would not be entitled to $150 based upon the percentage schedule, the Court could award up to $150 if the trustee's labor merited it, although more cold cash was not realized. There are, you understand, other benefits to an estate than liquidated assets.

Now one can see from the above-listed facts how little one realizes as a commission. Are the fellows trying, lawfully, to make it up in expenses?

Yes and no. No, there is no scheme or conspiracy; no one suggests one.

Yes, in a sense. Trustees are receiving so little pay that where previously they handled most legal matters themselves (almost all are attorneys), now there is more of a tendency to employ attorneys . . . usually themselves. And the Code may well encourage and condone this. 11 U.S.C. 327(a).

Too, they are routinely utilizing the services of a paralegal person or secretary and billing their costs. 11 U.S.C. 330(a)(1). Billed at a set rate of $12 an hour, this matter is considered anon.

Further, it is no criticism, the Assistant U. S. Trustee in this pilot area, 28 U.S.C. 581(a), encourages expenses in "small asset cases." One of the trustees tendered at the hearing a copy of a May 7, 1981, memorandum which recites in part " . . . the thinking being that in small asset cases, administrative expenses and fees will take up the first $250.00."

### The State of the Art

It should not be necessary to defend or justify an able, independent trustee system. In a sense it is the heart of the bankruptcy system. Thorough and efficient administration of every case—asset, nominal or small asset, or no asset—keeps the system honest and fair.

Again let it be said that the inadequacy of statutory provisions for compensation of trustees is near scandal, be it $20 for a no asset case or the amounts provided in the instant cases. However, the balm for this lies not with us but with Congress.

It is not a pleasant task to examine and decide upon fees, compensation and expenses, but it is a duty from which we do not shrink and for which we make no apology. Few matters during the history of bankruptcy have caused more scandal than

awards to professional people. It is an area where constant vigilance must be maintained.

### The State of the Law

The authority of the Court and the general guidelines are found at 11 U.S.C. 330:

§ 330. Compensation of officers.

(a) After notice to any parties in interest and to the United States trustee and a hearing, and subject to section 326, 328, and 329 of this title, the court may award to a trustee, to an examiner, to a professional person employed under section 327 or 1103 of this title, or to the debtor's attorney—

(1) reasonable compensation for actual, necessary services rendered by such trustee, examiner, professional person, or attorney, as the case may be, and by any paraprofessional person employed by such trustee, professional person, or attorney, as the case may be, based on the time, the nature, the extent, and the value of such services, and the cost of comparable services other than in a case under this title; and

(2) reimbursement for actual, necessary expenses.

(b) There shall be paid from the filing fee in a case under chapter 7 of this title $20 to the trustee serving in such a case, after such trustee's services are rendered.

Note that expenses must be those which are *actual* and *necessary*. Therefore, expenses for travel, photocopying and postage may not be estimates but shall be those actually incurred. Some trustees relative to postage, for instance, used estimates. This is improper. The per mile charge for use of one's automobile shall be that established by the particular government agency, in this instance the U. S. Department of Justice. The charge for photocopying shall be reasonable and actual and not the coin machine charge.

It is the largest item among expenses which compels the closest scrutiny. It is called "administrative assistance" and includes "checking liens, preparation of reports, bookkeeping, investigation, etc."

For the cases here considered, the askings are:

MARSH
"Estimate 6 hours at $12 per hour. $72.00"

BRUNT
"Estimate 4 hours at $12 per hour 48.00"

NEAL
"Estimate 2.5 hours at $12 per hour. 30.00"

SHETTLES
"Estimate 4 hours at $12 per hour. 48.00"

TRAIL
"Estimated 13½ hours at $12 per hour. 162.00"

MORANHA
"Estimated 14½ hours at $12 per hour. 174.00"

FRAZIER
"Estimated 14½ hours at $12 per hour. 174.00"

GAY
"Estimated 5 hours at $12 per hour. 60.00"

RICKS
"Estimated 8¾ hours at $12 per hour. 105.00"

The Court notes that all are estimates. This must not be. Expenses must be actual, not estimates. We do not permit a creditor's claim to be an estimate. The potential for abuse, both ways, is obvious.

Who are the persons performing these services? The trustee in Marsh, Brunt, Neal and Shettles used a trained paralegal person. The trustee in Trail, Moranha and Frazier used his secretary. The trustee in Gay used his wife and the trustee in Ricks used his secretary who has had paralegal training.

The pertinent statute, 11 U.S.C. 330(a)(1), specifies "paraprofessional persons" employed by the trustee. Any other person would be entitled to allowance only pursuant to subsection (2).

Is $12 per hour reasonable? The Code now provides, in subsection (1), that the cost may be at the rate for "comparable services other than in a case under this title." By this the Congress abolished the *economy principle* and provided that these people should be paid at a rate commensurate with non-bankruptcy matters. Be alert that this applies only to trustees (not

really), examiners, professional persons, attorneys and paraprofessional persons.

 While the $12 rate was recommended to the local talent by the Assistant U. S. Trustee, $12 for "billable time" is reasonable. This official appeared at the hearing and made forthright explanation of the system. He has a huge task and his viewpoint is helpful. He did admit that at this rate a trustee could make a profit as no one was actually receiving as much as $12 per hour in wages. It is "billable time." Further, he notes that the present system is more costly to administer than the old.

### Guidelines

In summary, this has been said and is established at this particular bar:

(1) Expenses must be actual . . . and necessary.

(2) A trustee is entitled to his *reasonable* actual, necessary expenses.

(3) A trustee may employ certain persons to assist him. Services of professional and paraprofessional persons may be billed at the cost of comparable services.

The trustees herein shall file a Notice of Appeal or an amended application for reimbursement of expenses consistent with this opinion within ten (10) days of the entry of this order.

IT IS SO ORDERED.

### Lingering Concerns

(1) Reasonable compensation for trustees is not only just, it is essential to the maintenance of the system. It is unfortunate that the present structure is inadequate in this regard. Unfortunately, there are always a few areas in the nation where gross abuse results in a cry for change. Indeed, a few courts were not permitted to set or award fees.

But the cure is often worse than the disease.

(2) We may well learn that section 330 encourages too much professional or paraprofessional help and the riding of expenses to death.

(3) It is unfortunate that the new order is more costly than the old. We expected it to be in one regard, but not as it has developed.

A copy of this order shall be forwarded to counsel of record.