In the Matter of Epifanio PEREZ HERNANDEZ, Debtors.

Bankruptcy No. B–86–01361(ESL).

United States Bankruptcy Court, D. Puerto Rico.

April 3, 1987.

William Davila de Pedro, Hato Rey, P.R., for debtors.

Jose M. Torres, San Juan, P.R., for trustee.

## OPINION AND ORDER

ENRIQUE S. LAMOUTTE, Chief Judge.

This case is before the Court upon the request of Mr. José M. Torres, trustee herein, for the reimbursement of expenses incurred during the administration of the debtor's estate. Notice was given to all creditors of the trustee's petition for payment of expenses. No opposition was filed.

### Facts

The expenses claimed by the trustee are divided into two basic categories: expenses for trips related to debtor's property and miscellaneous expenses to include stamps, stationary, photocopies, local phone calls and typing. The expenses incurred on the trips include mileage, road tolls and lunch. These expenses are itemized but do not have any supporting documents. The miscellaneous expenses are not itemized nor do they include supporting documentation. The miscellaneous expenses have been estimated in the total amount of $50.00.

### Conclusions of Law

The statutory provisions governing the reimbursement of expenses are 11 U.S.C. §§ 326, 328, 329, 330 and Bankruptcy Rule 2016. Within the context of a chapter 7 case the relevant provisions are 11 U.S.C. § 330(a)(2) and Rule 2016(a).

Section 330(a)(2) states that:

"(a) After notice ... the court may award to a trustee ...—

(1) reasonable compensation ...

(2) reimbursement for *actual necessary* expenses." (Emphasis ours)

Rule 2016(a) states in its pertinent part that:

"(a) *Application for Compensation or Reimbursement.* A person seeking ... reimbursement of necessary expenses, from the estate shall file with the Court an application setting forth a *detailed statement* of (1) the service rendered, time expended and expenses incurred, and (2) the amounts requested."

■ The synthesis of above mentioned statutory provisions bring forth four basic requirements for the allowance by the Court of the reimbursement of expenses. The expenses must be:

(1) reasonable,

(2) actual,

(3) necessary, and

(4) supported by adequate documentation.

See *Bankr.L.Ed.* § 13:77, pages 70–73; *Norton Bankr.L. & Prac.* § 11.43, pages 101–104, 2 *Collier on Bankruptcy* (15th Ed.), ¶ 330.06, pages 330-36–38.

■ The reasonable criteria is directly related to compensation and not to reimbursement of expenses. However, all disbursements in a bankruptcy case which are charged to the estate must meet the reasonable standard. The "bounds of reasonableness" are found in charges of comparable services. *Collier* summarizes the intent of reasonableness as follows:

"Constraint in the allowance of compensation was considered required in the interest of the estate and its creditors. Section 330, however, reflects a different concern. If the notion of strict economy were allowed to stand, attorneys and others who could earn more substantial compensation in other fields would leave the bankruptcy area. Bankruptcy specialists, who enable the system to operate efficiently, would be driven elsewhere, and the administration of bankruptcy cases might be left to less competent individuals. Inevitably, it would be the creditors who would have to absorb the cost of improper and inefficient administration. Thus, the Code adopts the position that compensation should not be below a level allowed for comparable services other than in a case under the Code. Nevertheless, compensation must not exceed the bounds of reasonableness. 2 *Collier on Bankruptcy* (15th Ed.) ¶ 330.05, pages 330–35.

■ What is an actual and necessary expense is a determination that must be made on a case by case basis. As stated in *Collier:*

"[2]—Expenses of Trustees and Examiners.

Section 330 refrains from specifically drawing a line of demarcation between allowable expenses and non-allowable ones, beyond the vague test that expenses must have been necessarily incurred in the performance of the officer's duties. More specifically, the scale of expenses allowable to trustees may range from the rent indispensable to secure preservation of the debtor's assets to the cost of prizes, barbecue, music and other publicity designed to attract a crowd and induce it to buy what the trustee is anxious to sell. It will cover expenditures incident to an authorized conducting of a business, such as rent, insurance, salaries, wages, costs of merchandise and production, royalties and taxes. In addition, expenses of investigation, litigation, arbitration, settlement and traveling come within the coverage of section 330. The compensation and reimbursement of professional persons are no longer considered expenses of the officers employing such persons. As discussed above, section 330 provides for the compensation and reimbursement of professional persons in their own right." 2 *Collier on Bankruptcy* (15th Ed.) ¶ 330.06(2), pages 330–37–38. [Footnotes omitted].

■ Actual expenses are those that were *de facto* incurred. Necessary expenses are those incurred by the trustee to fulfill the requirements of his office to expeditiously liquidate the estate, account for his activities as trustee and comply with the reporting requirements.

■ Documentation of the expense must be adequate, it must be sufficiently detailed and accurate to place the court in a position to make an independent decision on the application. The guidelines established by caselaw on the description required of attorneys in filing for compensation and reimbursement are applicable to the requests for reimbursement by chapter 7 trustees. See Bkr.L.Ed. § 13.79 page 72; *In re American International Airways, Inc.,* 47 B.R. 716, 725 (Bankr 1985).

■ The documentation will lend the support required to establish that the expense was actual, necessary and reasonable. For several reasons, the trustees in this district have estimated in many instances the expenses incurred. Among the reasons may be large caseloads and lack of guidelines. However, the reasons are not sufficient to allow the practice of submitting estimates. The use of estimates is not

the proper procedure to claim reimbursement of expenses. *In re Marsh*, 14 B.R. 615, 5 C.B.C.2d 106 (B.Ct.E.D.Va.1981).

As stated by the Court in *Marsh*, 14 B.R. 615, 5 C.B.C.2d 108:

"It is not a pleasant task to examine and decide upon fees, compensation and expenses, but it is a duty from which we do not shrink and for which we make no apology. Few matters during the history have caused more scandal than awards to professional people. It is an area where constant vigilance must be maintained."

This court is not unmindful of the trustees' plight for adequate and prompt consideration of their requests for compensation and reimbursement. The condition is not unique to our district. The following discussion is found in *Norton Bankr.L. & Prac*, § 11:43, page 101:

"The treatment by the Bankruptcy Code of compensation for the services of a trustee may be reasonable; however, the adequacy of compensation to a Chapter 7 liquidation trustee under the Code is questionable. For the liquidation trustee, the heritage of frugality from the Bankruptcy Act, may have produced a mixture of piety and hard reality. A look at Code § 330 must give encouragement to any trustee who has served as trustee under the Bankruptcy Act. Sub-section (a) provides that, after notice to any parties in interest and to the United States trustee and a hearing, and subject to the limitations set by Code §§ 326, 328, and 329, the court may award to a trustee and others reasonable compensation for actual, necessary services rendered, based upon the time, nature, extent, and value of those services, and the cost of comparable services other than in a case under the Code. This statement appears to bury the old notions that work in bankruptcy cases should be motivated by a spirit of public duty."

■ The problem, however, does not dilute the Court's duty to review the applications for reimbursement of expenses and to determine that the expenses were actually and reasonably incurred by the trustee. *In re Thacker*, 48 B.R. 161, 163 (Bankr 1985).

■ Compliance by the Court and the trustee of their respective duties and responsibilities is indispensable to the administration of the bankruptcy system. To cite again from *In re Marsh*, 14 B.R. 615, 5 C.B.C. at 108:

"It should not be necessary to defend or justify an able, independent trustee system. In a sense it is the heart of the bankruptcy system. *Thorough and efficient administration of every case—asset, nominal or small asset, or no asset keeps the system honest and fair.*" (Emphasis ours)

Based on the above criteria we now pass on the trustee's application.

■ All the expenses claimed by the trustee may be allowed by the court. Mileage, road tolls and subsistence expenses for trips in connection with the liquidation of debtor's estate are compensable. Likewise are miscellaneous expenses such as stamps, stationery, photocopies, telephone calls, and incidental secretarial expenses. The term incidental connotes an expense which is necessary but does not merit the employment of a professional person.

■ The basic deficiency with the trustee's application is that the same is not supported by adequate documentation and that the miscellaneous expenses are estimated and not itemized. There is no supporting documentation for the lunches. There is insufficient description and itemization for charges corresponding to stamps, stationery, photocopies, local phone calls and typing. Consequently, the court cannot ascertain if they were actual and reasonable.

Rather than acting pricemeal on the items, the court is denying the application in its entirety, without prejudice. The trustee is allowed to resubmit the application to conform with the necessary requirements. Because this may constitute a change in the regular practice before this Court the trustee may substitute supporting documents which are not available with a verified statement. Since there was no

opposition to the amounts claimed the court will not schedule the amended application for a hearing.

SO ORDERED.