In re CENTRAL PACIFIC BOILER &
PIPING, LTD., Debtor.

FIRST HAWAIIAN BANK, Plaintiff,

v.

Edward P. ANDERSON, et
al., Defendants.

Bankruptcy No. 84–00166.
Adv. No. 86–0079.

United States Bankruptcy Court,
D. Hawaii.

June 3, 1988.

See also 81 B.R. 40.

William Wynhoff, Honolulu, Hawaii, for
the Andersons.

Edward Stanley, Honolulu, Hawaii, trustee, pro se.

## MEMORANDUM DECISION AND ORDER

JON J. CHINEN, Bankruptcy Judge.

On March 31, 1988, Edward P. Anderson and Alzada P. Anderson ("Andersons"), creditors herein, filed a Motion for Examination and Reduction of Trustee's charges ("Motion") requesting that the court examine, then reduce the "fees for storage of corporate records" assessed by the Trustee against the Andersons.

The Motion was heard on May 20, 1988, at which hearing William Wynhoff, Esq. appeared on behalf of the Andersons and Edward Stanley, the Trustee herein ("Trustee"), appeared pro se. Following arguments of counsel and the Trustee, the Court took the matter under advisement.

Based upon the records in the file, the memorandum submitted by Andersons and arguments of the parties, the Court makes the following Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

1. Mr. Anderson is the former President of Central Pacific Boiler & Piping Co., Ltd. ("Pacific Boiler") and, as such, after Pacific Boiler filed for bankruptcy, the Andersons stored the record of Pacific Boiler at a commercial storage company called Transpacific Moving & Storage, Ltd. ("Transpacific"). The records being stored totalled approximately 145 cubic feet and the monthly charge was $31.00 a month, includ-

278

ing tax, all of which charges were personally paid by the Andersons.

2. In April of 1987, the Trustee demanded the records and then took possession of approximately 96 cubic feet of records.

3. On December 3, 1987, after a hearing in Adversary No. 86–0148, the Court entered a Judgment directing that the $9,701.46 interpleded funds be paid to the Andersons "except for storage costs, relating to storing debtor's records". When the Andersons requested the invoice for the storage charges, the Trustee submitted an invoice of $231.00 a month, including tax, payable to Stanley & Associates. The Andersons contend that Stanley & Associates is the Trustee himself and that the charges are unreasonable and should be reduced.

The Trustee contends that the charges are reasonable because they include his overhead charges.

## CONCLUSIONS OF LAW

■ The Chapter 7 trustee may be compensated or reimbursed for expenses that are actually and reasonably incurred by the Trustee. *In re Thacker*, 48 B.R. 161, (Bankr.N.D.Ill.E.D.1985). However, the documentation of the expenses must be adequate and sufficiently detailed to enable the Court to render an independant decision. *Matter of Perez Hernandez*, 73 B.R. 329 (Bankr.D.Puerto Rico 1987). In the instant case, while the Andersons were paying $31.20 a month, including tax, to store 145 cubic feet of records, the Trustee seeks a reimbursement of $231.00 a month, including tax, to store 96 cubic feet of records. This is unreasonable!

The Trustee does not justify his charges. His explanation that he is charging $231.00 a month because he is including his overhead is not acceptable! When a commercial storage company charges $31.20 a month, including tax, to store 145 cubic feet of records, the overhead expenses must be included therein for these commercial storage companies also have overhead expenses. Thus, the Court cannot approve the trustee's charges of $231.00 a month, including tax, for only 96 cubic feet of

record. The Court hereby denies the charges by the Trustee, with leave granted to submit another application to the Court, with supporting documents. The storage charges should be comparable to the charges rendered by commercial storage companies.

■ The Court is mindful of the fact that, often times, a Chapter 7 trustee spends considerable time and effort in performing his duties without adequate compensation, especially where the case involves a no-asset estate. Thus, the Court will compensate the trustee for all actual, necessary and reasonable expenses. Such expenses may cover stamps, stationery, photocopies, telephones and incidental secretarial expenses.

Likewise, the trustee may employ professionals and paraprofessionals to assist him. The services of these professionals and paraprofessionals are paid by the estate, provided that the amount requested is reasonable in relation to the services rendered.

When the estate has assets, the trustee may charge for his travel, such as air-fare and taxi service in flying to the outer-islands to perform his duties. But, each application must be accompanied by detailed documentation.

The Court cautions the Trustee that, as an officer of the Court, he must avoid a conflict of interest. As the 9th Circuit Court so aptly stated in *York International Building, Inc. v. Chaney*, 527 F.2d 1061 (9th Cir.1976), "a trustee cannot serve two masters."

■ In the instant case, on the one hand, as owner of Edward Stanley & Associates, the Trustee is interested in making a profit for himself. On the other hand, as Trustee, he has a sworn obligation and duty to keep the administrative expenses of the estate at a minimum. Where there is a conflict of interest, the Court may deny all compensation or reimbursement.

With reference to the records themselves, when they are no longer needed by the Trustee, the debtor or a governmental agency, a motion may be filed to destroy

same, with an opportunity for hearing. If there is no objection, the Court will authorize their destruction.