### In re Grant and Shauni WILLIAMS, Debtors.

### Bankruptcy No. 1–88–01687.

United States Bankruptcy Court, N.D. California.

July 24, 1989.

---

### ORDER DISALLOWING EXPENSES

ALAN JAROSLOVSKY, Bankruptcy Judge.

In this Chapter 7 case, the Trustee has applied for fees of $551.70 and expenses of $245.00. The fees sought are within the maximum allowable under section 326(a) of the Bankruptcy Code, and will therefore be allowed. However, the expenses must be seriously examined despite their relatively nominal amount, as the award of anything not properly allowable as an expense under section 330(a)(2) of the Code would result in the Trustee receiving more compensation than section 326(a) permits.

The expense request is broken down by the Trustee as follows:

| | |
|---|---:|
| Stationery and supplies | $ 50.00 |
| Postage | 35.00 |
| Telephone | 10.00 |
| Clerical | 120.00 |
| Clerical to close case | 30.00 |
| **TOTAL** | **$245.00** |

No detail or supplemental information is included in the Trustee's application. The Court must therefore decide first if the items listed above are compensible at all and second, if they are, what sort of back-up is required.

Allowability of trustee expenses is a matter which must be considered in the historical context of trustee compensation. Under section 48(c) of the Bankruptcy Act of 1898, trustee compensation was limited to one percent of all amounts over $25,000.00 in normal cases and two percent in operating cases, with higher percentages up to that figure. When the Bankruptcy Code was enacted in 1978, it allowed one percent

on amounts over $50,000.00 in all cases, with higher percentages up to that figure. Congress probably thought that these Code limits were, if anything, more liberal than those under the Act, because they doubled the amount at which the lowest percentage was applicable. However, severe inflation in the late 1970's and early 1980's undid whatever liberality Congress intended, and created a situation where the viability of the bankruptcy system was threatened by what had become unrealistically low limits on trustee compensation.

One response to the situation was the increased use of attorneys as trustees. Section 327(d) of the Code provides that an attorney-trustee can hire himself or herself to act as a professional in the case, and the limitations on trustee compensation could therefore be skirted by a liberal interpretation of what constituted legal services under section 328(b) and allowance of a liberal hourly rate. The problem with this approach is that by and large attorneys do not make the best trustees. Trustees need large amounts of business savvy and common sense to administer estates effectively, qualities for which attorneys are not especially well known. Congress surely did not intend to drive the best trustees out of the business because they did not possess law degrees.

Another response to the restrictive compensation limits, and the one which was adopted by the judges of this district, was to liberally interpret what constituted an allowable expense under section 330(a)(2). If items of normal overhead could be classified as allowable expenses, then the trustees' overall compensation could be set at a level sufficient to attract qualified men and women without law degrees to act as bankruptcy trustees. Thus, allowance of such things as postage, stationery, and clerical costs became routine.

In 1984, Congress amended section 326(a) so that the maximum compensation for a trustee was three percent of everything over $3,000.00. This corrected the problem caused by inflation and restored the ability of the court to award a reasonable fee to trustees without stretching the Code. However, the liberal interpretation of what was an allowable expense was not abandoned. It now appears appropriate to review the issue and create a rule more in harmony with the Code in its current form.

Several bankruptcy courts have recently made rulings cutting back very sharply in what may be allowed to the trustee as an expense. For instance, the court in *In re Orthopaedic Technology, Inc.* (Bkrtcy.D. Colo.1989) 97 B.R. 596, 602, stated the rule as follows:

> The courts recognize that trustees receive precious little compensation through sections 326 and 330. However, trustees must absorb certain costs that are not compensible under section 330(a). Secretarial, stenographic, clerical, and routine messenger services, and ordinary postage costs, are among those expenses properly treated as overhead and are not compensible under the Bankruptcy Code.

See also King, *Collier Bankruptcy Compensation Guide* (1988) section 6.06[1], p. 6–21, noting that a trustee's staff assistant should be considered nonreimbursable overhead.

The problem with most of the rulings summarily dismissing the trustee's right to any reimbursement for clerical and other expenses is that they are made in cases where the trustee is also an attorney. Such holdings seem unduly draconian when applied to a trustee who is not an attorney and therefore cannot merely increase his or her hourly rate to cover increases in overhead. On the other hand, the cases are clearly correct in ruling that normal overhead items were not the sort of expenses contemplated by Congress as reimbursable under section 330(a)(2). See 2 Collier on Bankruptcy (15th Ed.), section 330.06[2].

This Court elects to adopt a rule along the lines of *Orthopaedic Technology*, but modified somewhat to reflect the circumstances of the Trustee in this case, who is not an attorney.

■■ The Court will not award a trustee anything for the normal expenses of running his or her office. Thus, normal stationery, clerical, and telephone charges will not be allowed as expenses under sec-

tion 330(a)(2). However, recovery will be allowed for *extraordinary* expenses to the extent they are associated with the *special needs* of an individual case and are *fully documented.* For instance, postage to give 100 creditors notice of a proposed sale is reimbursable, but an allocation of general postage costs is not; the costs of a special clerk hired to collect an estate's accounts receivable are reimbursable, but a general allocation of the salary of the trustee's employees is not; the charge for a specific telephone conference call is reimbursable, but an allocation of the basic monthly telephone charge is not; preparation of a special flyer to advertise as sale is reimbursable, but the cost of the trustee's letterhead is not.

▮ As a matter of law, the Court finds that an expense is not "actual," and therefore not reimbursable under section 330(a)(2), to the extent that it is based on any sort of guesswork, formula, or pro rata allocation. Concrete documentation, in the form of receipts and invoices, is therefore necessary to support any application for reimbursement.

Because the Trustee's application for expenses in this case does not meet the above standards, it must be denied. However, the Trustee may submit an amended application conforming to the guidelines set forth in this decision.

The Court recognizes that this ruling is a significant departure from the practice in this district for many years, and that many trustees have added permanent employees to their staffs, rather than employ them on an *ad hoc* basis, because they have been allowed to allocate the salaries on a pro rata basis. In fairness to the trustees, the Court will not apply this decision *sua sponte* to cases filed before the date of this decision. The Clerk of the Court shall serve a copy of this decision on all trustees having cases pending in this division.

SO ORDERED.