## In re CLINTON S. HARDESTY CONSTRUCTION, Debtor.

### No. 87–00605.

United States Bankruptcy Court, D. Hawaii.

June 7, 1990.

Curtis Ching, Honolulu, Hawaii, for Office of the U.S. trustee.

Susan Tius, Honolulu, Hawaii, for trustee.

## AMENDED MEMORANDUM DECISION AND ORDER

JON J. CHINEN, Bankruptcy Judge.

On June 7, 1989, Edward J. Stanley, the Trustee herein, filed his Final Report and Account of Trustee, Application to Determine Priorities, to Pay Expenses of Administration, and To Make Disbursements to Creditors. However, no date was set for any hearing.

On March 13, 1990, the Office of the United States Trustee filed an objection to the Trustee's Final Report, wherein it particularly objected to the storage fees charged by the Trustee for failure to provide documentation to substantiate the expenses allegedly incurred.

On April 16, 1990, the Court set May 10, 1990 as the hearing date for Final Account of Trustee and for Application of Compensation.

Then, on April 30, 1990, the Trustee filed his Amended Final Report and Account of Trustee, Application to Determine Priorities, to Pay Expenses of Administration, and to Make Disbursement to Creditors. Among others, the Trustee requested reimbursement for miscellaneous expenses of $200.00, packing, boxing and shipping of

records expenses of $287.62, and storage expenses of $1,583.27 paid to Ed Stanley Associates by which name he sometimes conducted his business.

At the hearing held on May 10, 1990, Leah Bussell, Esq. and Curtis Ching, Esq., represented the Office of the United States Trustee and Susan Tius, Esq., represented the Trustee, who was also present and actively participated in the hearing on his own behalf. Following the evidentiary hearing, the Court took the matter under advisement. Based upon the evidence presented, the records in the file and arguments of counsel, the Court renders this Memorandum Decision.

At the hearing, the Trustee testified that he was charging for storage only at the rate that he was being charged. He claimed that the $2.31 per square foot for storage charges was the amount being charged by his landlord. To support his claim, the Trustee referred to alleged statements from Waikiki Marina Hotel for storage. And, the Trustee stated that such statements were never delivered by mail or in person but were always slipped under the door of his office.

The Office Rental Agreement executed on November 25, 1986 by Waikiki Marina Hotel, Inc. and Ed Stanley Associates shows that the rent at the outset was $1.00 per square foot and, after three months, was $1.15 per square foot. And, James L. Walter, the vice-president and Manager of Waikiki Marina Hotel testified that Waikiki Marina Hotel never used or issued the type of statement that the Trustee claimed was placed under the door of his office. The Court finds that the statements allegedly placed under the door of the Trustee's Office were neither prepared by Waikiki Marina Hotel nor delivered by it to Stanley associates. Instead, the Court finds that the statements were fabricated to support the claim for storage charges.

■ The burden is on the Trustee to prove that his request for reimbursement of expenses is reasonable. It is not for the Court to expend time in justifying any expense for the Trustee.

■ Because humans do err, when an individual makes an error in his report, the Court will accept an amended report. But, when an individual is not candid, then the Court may impose sanctions.

■ An officer of the Court must at all times maintain the highest of standard. And, a Trustee is an officer of the Court.

The Office Rental Agreement shows that the maximum rent charged by Waikiki Marina Hotel to Ed Stanley Associates was $1.15 per square foot. However, the manufactured statements from Waikiki Marina Hotel to Stanley Associates show a charge of $1.50 per square foot. And, the statements from Stanley Associates to Debtor show $2.31 per cubic foot. The Trustee is using his dba Stanley Associates to make a profit for himself at the expense of the estate. This is a clear conflict on the part of the Trustee, as more fully explained hereinafter.

The Court finds that the Trustee has not been candid with the Court and the Office of the United States Trustee. Not only in this but in other cases, the Trustee insisted that, in seeking reimbursement for storage charges, he was only asking for the amount that he was being charged. However, the evidence shows otherwise.

In *In re Central Pacific Boiler & Piping, Ltd.*, 88 B.R. 277 (Bkrtcy.D.Haw.1988), in a case involving the same Trustee, this Court stated at page 278:

The Chapter 7 trustee may be compensated or reimbursed for expenses that are actually and reasonably incurred by the Trustee. *In re Thacker*, 48 B.R. 161 (Bankr.N.D.Ill.E.D.1985). However, the documentation of the expenses must be adequate and sufficiently detailed to enable the Court to render an independent decision. *Matter of Perez Hernandez*, 73 B.R. 329 (Bankr.D.Puerto Rico 1987)....

The Court cautions the Trustee that, as an officer of the Court, he must avoid a conflict of interest. As the 9th Circuit Court so aptly stated in *York International Building, Inc. v. Chaney*, 527 F.2d 1061 (9th Cir.1976), "a trustee cannot serve two masters."

In the instant case, on the one hand, as owner of Edward Stanley & Associates, the Trustee is interested in making a profit for himself. On the other hand, as Trustee, he has a sworn obligation and duty to keep the administrative expenses of the estate at a minimum. Where there is a conflict of interest, the Court may deny all compensation or reimbursement.

For his conflict of interest and for not being candid, the Court denies the Trustee's request for compensation and reimbursement for storage charges. In addition, if the Trustee has been previously paid $2.31 per square foot for storage charges, then he is hereby ORDERED to refund to the estate such payment forthwith.

The Court finds the fees requested by the attorney for the Trustee to be reasonable.

With the adjustment made in the proposed distribution based on this Court's decision herein, the Court approves the proposed distribution as amended.

SO ORDERED.