**In re Bobby L. STANLEY and Wife, Reecie Stanley, Debtors.**

**Bankruptcy No. L–87–00328.**

United States Bankruptcy Court, E.D. Texas, Lufkin Division.

Oct. 5, 1990.

John J. Durkay, Mehaffy and Webber, Beaumont, Tex., for applicant/movant Billy Lee Thompson, Chapter 7 Trustee.

William Parker, Asst. U.S. Trustee for the Eastern District of Texas, Tyler, Tex., for objector/respondent U.S. Trustee for the Eastern District of Tex.

## OPINION

DONALD R. SHARP, Bankruptcy Judge.

This matter came on for consideration of the Trustee's Final Report, Application for Compensation and Application to Close Case and Discharge Trustee pursuant to a regularly scheduled hearing on July 11, 1990, in Lufkin, Texas. This opinion constitutes findings of fact and conclusions of law in accordance with Bankruptcy Rule of Procedure 7052 and disposes of all the issues presented to the Court.

## FACTUAL BACKGROUND

The facts of the case before this Court are not materially disputed. On April 9, 1990, the Chapter 7 Trustee, (hereinafter "Trustee" or "Chapter 7 Trustee"), appointed in this case, filed a Final Report and Application for Compensation. The Final Report and Application for Compensation and Expenses was objected to by the United States Trustee, (hereinafter "United States Trustee"), for the Eastern District of Texas. Prior to the scheduled hearing the parties were able to resolve most but not all of the objected to issues. However, due to the lack of guidelines in the Eastern District of Texas pertaining to what constitutes property upon which to calculate the Chapter 7 Trustee's maximum compensation in accordance with 11 U.S.C. § 326 and what constitutes permissible and chargeable expenses pursuant to 11 U.S.C. § 330 the parties jointly urged the Court to take this matter under advisement for the purpose of issuing a written opinion to act as a framework for future Trustee practice.

Basically, there are two issues for consideration by this Court. First, the Court is presented with the question as to whether $13,115.43 in lien assumptions can be used to calculate the Trustee's maximum compensation pursuant to 11 U.S.C. § 326(a) as a constructive disbursement. The second issue before the Court is concerned with what constitutes compensable actual and necessary expenses for an officer of the estate pursuant to 11 U.S.C. § 330(a)(2). In the Trustee's original application, the amount of $1,976.50 is claimed as a compensable clerical, stenographic and office expense. No further documentation is provided to corroborate this expense. The United States Trustee found this undocumented claim objectionable. The United States Trustee did not object to claimed expenses of $205.67 for travel, postage and long distance telephone charges.

In response to the United States Trustee's objection, the Chapter 7 Trustee, forwarded a letter to the United States Trustee breaking down his omnibus charge for clerical, stenographic and office expenses. The breakdown of the expenses is as follows:

| | |
|---|---|
| Secretary and bookkeeper (27 months) | $1,272.60 |
| Setting up file and 341(a) tape | $ 35.00 |
| Preparing semi-annual report | $ 35.00 |
| Bond proration | $ 6.00 |
| Copies (573 @ $ .50 per copy) | $ 286.50 |
| Getting out and mailing of five notices | $ 332.50 |
| Office supplies | $ 8.90 |

After receiving this breakdown of expenses, the United States Trustee withdrew his objection to the expense for the secretary and bookkeeper as well as the de minimis claim for office supplies. However, the United States Trustee continues to object that the charge for copies is excessive in that $ .25 per copy is appropriate in addition to urging the Court that the remaining charges should be considered Trustee overhead expenses that are compensable through the 11 U.S.C. § 326(a) Trustee's compensation. The position of the Chapter 7 Trustee is that there is no such thing as Trustee's overhead and the provision of 11 U.S.C. § 326(a) is meant to constitute a pure fee undiluted by expense for the Chapter 7 Trustee.

## DISCUSSION OF LAW

The standard by which a Chapter 7 Trustee's fee is calculated is governed by 11 U.S.C. § 326(a) providing that

> In a case under Chapter 7 or 11, the court may allow reasonable compensation under § 330 of this title of the Trustee for the Trustee's services, payable after the Trustee renders such services, not to exceed fifteen percent on the first $1,000.00 or less, six (6%) percent on any amount in excess of $1,000.00 but not in excess of $3,000.00, and three (3%) percent on any amount in excess of $3,000.00, upon all moneys disbursed or turned over in the case by the Trustee to parties in interest, excluding the Debtor, but including holders of secured claims.

At issue in this case, is an interpretation of the phrase "upon all moneys disbursed or turned over in the case by the Trustee to parties in interest, excluding the Debtor, but including holders of secured claims." 11 U.S.C. § 326(a). The difference of opinion between the parties is strikingly clear. The Chapter 7 Trustee maintains that any funds paid to secured creditors, including the dollar value of lien assumptions, is subject to the Chapter 7 Trustee maximum compensation formula as a sum of money that has been constructively disbursed to a party in interest. On the other hand, the United States Trustee steadfastly maintains that a strict reading of 11 U.S.C. § 326(a) does not provide for constructive disbursements of moneys received by the Chapter 7 Trustee but instead demands actual monetary disbursement. Both sides agree that this issue is not overwhelmingly represented in case law.

After researching this issue, the Court finds itself in accordance with the parties' opinion concerning the lack of abundant case law on this topic, especially case law at the circuit court level. The Court also feels compelled to note that the parties did not produce an abundance of evidence from which the Court could make the factual determinations it was called upon to make to determine the issues in this proceeding because the parties presented the issue to the Court as issues of law rather than issues of fact.

Both parties seemed to treat the statutory maximums provided in 11 U.S.C. § 326(a) as commissions to which the Trustee was entitled. The parties completely ignored that portion of the statute which states that "the Court may allow reasonable compensation" and simply concentrated on the amount of money to which the maximum percentages in § 326(a) should be applied to arrive at the Trustee's compensation. There was no attempt on the part of the Trustee to demonstrate the amount of work done in connection with the case and show the reasonable value of the work done. Also, there was no attempt on the part of the United States Trustee to question the fact of whether or not the Trustee was entitled to the maximum statutory allowance provided in § 326(a). A review of the jurisprudence dealing with this issue reveals that the Trustee's compensation is referred to interchangeably as commission or maximum compensation, and this Court could locate no jurisprudence which provided any standards for the Trustee to establish the complexity of the work involved in administering the case or the time involved in the work of administering the case or any other method of determining reasonable compensation other than applying the maximum percentages in § 326(a) to a figure which represented that court's concept of "all monies disbursed or turned over" in the case. Accordingly, the word commission appears hereafter in this opinion interchangeably with compensation.

Had this Court been presented with the scenario in which the Chapter 7 Trustee attempted to collect a commission from the proceeds of the sale of fully encumbered property or property with only a slight equity in it, the Court would have no difficulty in holding that the Trustee is not entitled to a 11 U.S.C. § 326(a) commission. Several Courts have addressed this issue and their holdings are uniform that the proper course for a Chapter 7 Trustee to follow when presented with property of the estate in which there is either no equity or slight equity is to abandon the property. A sale under these circumstances would not result in any benefit to the unsecured creditors and on the contrary can in certain

instances result in an actual detriment if the aggregate amount of a Chapter 7 Trustee's commission from the sale of property with only slight equity exceeds the paper equity that appears to exist. 2 *Collier on Bankruptcy*, (15th Ed.1979) para. 326.01 at 326–21 (n. 51). *See also In re: Lambert Implement Company, Inc.*, 44 B.R. 860 (Bkrtcy.W.D.Ky.1984) (Holding in 14 bankruptcy cases consolidated for purposes of hearing that Trustees are not entitled to collect statutory commissions and expenses on sale of fully secured property); *In re: B & L Enterprises, Inc.*, 26 B.R. 220, 223 (Bkrtcy.W.D.Ky.1982) (Trustee is not entitled to 11 U.S.C. § 326(a) compensation for sale of encumbered property or property with only a slight equity).

However, the issue before this Court does not involve the sale of fully encumbered property, rather it involves the applicability of the 11 U.S.C. § 326(a) compensation scheme to lien assumptions. At the regularly scheduled hearing, the United States Trustee cited to the Court the case of *In re: New England Fish Company*, 34 B.R. 899 (Bkrtcy.W.D.Wash.1983) as the prevailing case law supporting the proposition that property sold subject to liens is not compensable through 11 U.S.C. § 326(a) in that a Chapter 7 Trustee's commission "must be based on actual monies disbursed to parties in interest, and not on assets or settlements which can be construed as constructive disbursement." *Id.* at 902. The court in *New England Fish* based its holding primarily on the legislative history of 11 U.S.C. § 326(a) in which the United States Senate and House of Representatives stated in their respective committee reports on § 326(a) that:

> It should be noted that the base on which the maximum fee is computed includes *monies* turned over to secured creditors, to cover the situation where the Trustee *liquidates* property subject to a lien and *distributes the proceeds*. It does not cover cases in which the Trustee simply turns over the money to the secured creditor, nor where the Trustee abandons the property and the secured creditor is permitted to foreclose.

*Id.* at 901. *Quoting* S.Rep. No. 95–989, 95th Cong., 2d Sess. 37–38 (1978); H.R. Rep. No. 95–595, 95th Cong., 1st Sess. 327 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5824, 6283–6284 (emphasis added). Thus, while the court was convinced of the outstanding job that the Trustee had done in this case, the *New England Fish* court held that it was constrained by legislative dictates to demur from an award of fees based on lien assumptions. *Id.* at 901. *See also In re: Indoor–Outdoor Dining, Inc.*, 77 B.R. 952 (Bkrtcy.S.D.Fla.1987) (Case following the *New England Fish* holding that the Trustee's maximum compensation must be based on actual moneys disbursed and not on assets constructively disbursed).

While the court in *New England Fish* held that it was unable to award the Chapter 7 Trustee commissions based on assets disbursed through the estate to parties subject to liens, the Ninth Circuit Court of Appeals in *Southwestern Media, Inc. v. Rau*, 708 F.2d 419 (9th Cir.1983) did not feel so constrained. In *Southwestern Media* the court was faced with the question of whether a Trustee had violated his fiduciary duty to the estate by selling estate property "free and clear of" liens instead of "subject to" existing liens. In *Southwestern Media* appellees argued that the Trustee had improperly structured the sale of a radio station so that it would be sold free and clear of all existing liens. Appellees argued that the Trustee had violated his fiduciary duty by not structuring the sale as one subject to existing liens in that any property sold subject to existing liens would not include the value of the existing liens in the calculation of the Trustee's commission. In essence, Appellees charged that the Trustee's structure of the transaction was such that it resulted in his own personal gain at the expense of the unsecured creditors.

The court in *Southwestern Media* addressed this issue head-on. While acknowledging the holdings of courts holding to the contrary, the court held that such holdings were dissonant with the policy of ensuring compensation for the Trustee in accordance with services rendered by the

Trustee. While this Court recognizes that the holding in *Southwestern Media* dealt with the predecessor to 11 U.S.C. § 326(a) i.e. the Bankruptcy Act of 1898, it is the opinion of this Court that the issues involved are unchanged by the transition from the Act to the Code. Both the Act and the Code provisions addressed the issue of an interpretation of what constitutes "moneys disbursed or turned over" by the Trustee. Bankruptcy Act § 48(a); 11 U.S.C. § 326(a). The Court in *Southwestern Media* opined that the statutory scheme of compensation under the Act

> "recognizes that the Trustee's administration of an estate containing encumbered assets may sometimes prove equally difficult and time consuming as if the assets were unencumbered. Insofar as it is solely designed to procure a just fee for the Trustee, this policy appears to be unaffected by whether the eventual disposition of the unencumbered assets is "free and clear" or "subject to" the liens."

*Id* at 423. The court concluded its analysis of the difference between the end result of a sale structured free and clear of liens and that of one structured subject to the liens by noting that it could see "no persuasive reason why an equity sale subject to an existing lien should not be considered a constructive disbursement to the lien creditor." *Id.* at 423, 424. In that it found that the structure of the sale made little difference, the Court held that the Trustee had not violated his fiduciary duty to the estate.

Aside from the two cases cited, the Court is unaware of any other case law which has authoritatively dealt with the issue of constructive disbursement as it relates to lien assumptions. The Court takes judicial notice of the fact that the holding in *Southwestern Media* was made under the Bankruptcy Act and as such predates the current Bankruptcy Code and with it 11 U.S.C. § 326(a). However, the Court also takes notice of two additional facts. First, both cases arise out of the Ninth Circuit. Second, while the holding in *Southwestern Media* was decided on May 24, 1983, the holding in *New England Fish Company* antedates this holding by approximately six

months. This Court is unable to determine why the court in *New England Fish* did not address the holding in *Southwestern Media* which while an Act holding appears to this Court to still be dispositive of the issue of constructive disbursement.

While the holdings of these two respective courts in the Ninth Circuit are not dispositive to this Court, this Court finds that the reasoning and rationale of the court in *Southwestern Media* supporting the proposition of constructive disbursement is viable and survives the transition from the Bankruptcy Act to the present Code. It is the opinion of this Court that a hypertechnical reading of 11 U.S.C. § 326(a) is only appropriate in cases where a Chapter 7 Trustee attempts to sell fully encumbered property or property in which there is a slight equity. In all other cases, a strict reading of 11 U.S.C. § 326(a) must be balanced by the policy considerations providing just and reasonable fees for Chapter 7 Trustees. Any holding to the contrary would hold the Chapter 7 Trustee hostage to second guessing by parties contending that somehow the Chapter 7 Trustee could have structured the transaction for the sole purpose of reducing his fee. In the absence of proof that the Trustee has violated his fiduciary duty to the estate, any scheme in which the Trustee is precluded from including as funds disbursed for purposes of compensation calculation property disbursed subject to liens while equally requiring the Trustee to structure sales primarily as subject to sales is untenable from the position of the Chapter 7 Trustee and this Court.

■ The Court's holding thus far has been motivated primarily by the observation that a strict reading of 11 U.S.C. § 326(a) does not award compensation to the Trustee even though a disposition of the property may have required a great deal of the Trustee's time and effort. This Court rejects the statements of those who would maintain that this is the price of being a Trustee. The Trustee, like any professional, is entitled to a reasonable payment for services rendered. However, should in the course of a subsequent appli-

cation for compensation filed by a Trustee the Court determine that a question exists as to the effort expended by a Trustee in a case involving a lien assumption the Court will utilize the mechanism of 11 U.S.C. § 326(a) by reducing the compensation requested from the maximum allowables. By way of observation this Court recognizes that many Chapter 7 Trustees regard the tiered compensatory scheme of 11 U.S.C. § 326(a) as a minimum standard of compensation rather than maximum ceilings. Should this Court be faced with a situation in which it finds that the Trustee is not entitled to the maximum compensation permitted under 11 U.S.C. § 326(a) this Court will have no hesitancy in reducing compensation to a level commensurate with the services rendered.

The second issue presented for consideration by this Court is an interpretation of 11 U.S.C. § 330(a)(2) and how it applies to the compensation for expense request of the Chapter 7 Trustee in the case at hand. The Bankruptcy Code provides that "the Court may award to a Trustee ... reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(2). The dispute between the Chapter 7 Trustee and the United States Trustee is that many of the expenses claimed by the Chapter 7 Trustee are in the nature of what the United States Trustee considers to be noncompensable overhead expenses. The United States Trustee argues that such overhead expenses are assumed by Chapter 7 Trustees as part of their compensation scheme pursuant to 11 U.S.C. § 326(a). Notwithstanding this contention, the Chapter 7 Trustee maintains that the compensation scheme in 11 U.S.C. § 326(a) is pure fee in that any out-of-pocket expenses incurred by the Chapter 7 Trustee in the administration of the case should be compensable through 11 U.S.C. § 330(a)(2). Thus, this is the question presented for consideration by the Court.

To the best of this Court's knowledge, the term overhead is not used in the Bankruptcy Code or in any of its legislative history. However, this oversight has not inhibited numerous courts from addressing this issue. Thus far, the holdings of these various courts has been almost entirely uni-

form that what is considered overhead is noncompensable through 11 U.S.C. § 330(a)(2).

Three expense items in the Trustee's original fee application were not objected to by the United States Trustee. As previously mentioned, these expense items were for documented travel, postage and long distance telephone charges. These types of expenses have been traditionally allowed by other courts. *Matter of Rauch*, 110 B.R. 467, 476 (Bkrtcy.E.D.Cal.1990) (Reimbursable expense items include phone costs, copy costs, fax costs, notary costs and bond premium costs); *In re: Central Pacific Boiler and Piping, Ltd.*, 88 B.R. 277, 278 (Bkrtcy.D.Hawaii 1988) (Court will compensate the Trustee for all actual and necessary expenses including expenses for stamps, stationary, photocopies, telephones and incidental secretarial expenses); *Matter of Perez Hernandez*, 73 B.R. 329, 332 (Bkrtcy.D.Puerto Rico 1987) (compensable expenses include stamps, stationary, photocopies, telephone calls, and incidental secretarial services. In addition, compensable expenses include documented mileage, road tolls and subsistence expenses for trips in connection with the liquidation of Debtor's estate.)

Just as many courts are in agreement as to what constitutes a compensable expense pursuant to 11 U.S.C. § 330(a)(2) it appears that there is equal agreement among the courts that any expense related to clerical, stenographic or office expense is an impermissible expense related to overhead. *In re: A-1 Hydro Mechanic's Corp.*, 106 B.R. 198, 199 (Bkrtcy.D.Hawaii 1989) (Secretarial, stenographic, clerical and routine messenger services are overhead expenses and are not compensable under § 330(a)(1) or reimbursable under § 330(a)(2)); *In re: Williams*, 102 B.R. 197, 198 (Bkrtcy.N.D. Cal.1989) (the court will not award a Trustee anything for the normal expenses of running his or her office); *In re: Orthopaedic Technology, Inc.*, 97 B.R. 596, 601 (Bkrtcy.D.Colo.1989) (Trustee bears the cost of nonprofessional clerical overhead).

In the instant case, following the United States Trustee's objection, the Chapter 7

Trustee provided a breakdown of his claimed expense for clerical, stenographic and office expense. At the regularly scheduled hearing, the United States Trustee withdrew his objection to $1,272.60, ostensibly for 27 months of secretary and bookkeeper services. In spite of the United States Trustee's withdrawal of his objection to this sum, this Court must hold that such a sum is noncompensable to the Chapter 7 Trustee in its present form. This holding is in concert with prevailing case law and 11 U.S.C. § 330(a)(2). The Court's conclusion that the Chapter 7 Trustee's expense request is not compensable in its present form stems not from the fact that the Court considers it impermissible overhead rather that the Chapter 7 Trustee has not demonstrated within the dictates of 11 U.S.C. § 330(a)(2) that the expenses incurred were actual and necessary to the administration of this particular Debtor's estate. *In re: A–1 Hydro Mechanics Corp.*, 106 B.R. 198, 199 (Bkrtcy.D.Hawaii 1989) (fee application must contain adequate information to show that the request for reimbursement is reasonable and that the expenses and costs incurred were for the benefit of the estate); *Matter of Perez Hernandez*, 73 B.R. 329, 330 (Bkrtcy.D. Puerto Rico 1987) (the expenses must be actual and necessary).

Furthermore, it is obvious from the Chapter 7 Trustee's application that his claimed expenses for secretarial and bookkeeper assistance are prorated among all the cases that he currently handles. This method of accountability is patently inappropriate and the Court is unable to award expenses based on prorations or estimates as recognized by the Court in *In re: Williams*, 102 B.R. 197, 199 (Bkrtcy.N.D. Cal.1989) (as a matter of law, the Court finds that an expense is not "actual", and therefore not reimbursable under § 330(a)(2), to the extent that it is based on any sort of guess work, formula, or pro rata allocation. Concrete documentation, in the form of receipts and invoices, is therefore necessary to support any application for reimbursement.); *See Also In re: Marsh*, 14 B.R. 615, 617 (Bkrtcy.E.D.Va.

1981) (expenses must be actual, not estimates).

In spite of previous holdings to the contrary, this Court is not convinced that expense items which have been in the past considered overhead are not compensable in theory. This Court is of the belief that the tenor of the cases cited points to a reluctance to award fees for clerical, secretarial and stenographic work more out of a failure of the requesting Chapter 7 Trustee to provide accurate documentation of the actual and necessary nature of the work rather than a reluctance to award these expenses based on a literal interpretation of the Bankruptcy Code. In fact, at least two courts have held that reimbursement for expenses related to incidental secretarial services are compensable. In *Matter of Perez Hernandez*, 73 B.R. 329, 332 (Bkrtcy.D.Puerto Rico 1987) the court allowed incidental secretarial services as a 11 U.S.C. § 330(a)(2) expense item. The Court in *Hernandez* defined incidental expense as "an expense which is necessary but does not merit the employment of a professional person" *Id* at 332. Citing the *Hernandez* case, the Court in *In re: Central Pacific Boiler and Piping, Ltd.*, 88 B.R. 277, 278 (Bkrtcy.D.Hawaii 1988) similarly allowed reimbursement for incidental secretarial expenses. This Court is of the opinion that to the extent secretarial, clerical or stenographic work is properly documented as to the individual performing it, the time involved in performing the service, and the benefit to the individual estate that said expenses will be fully compensable within the scheme of 11 U.S.C. § 330(a)(2). However, since the Chapter 7 Trustee in this case did not properly document the expense items requested for secretarial and bookkeeper work, said items are disallowed.

As to all remaining expense items, the Court is willing to award reimbursement for expenses only to the extent that said expenses are directly allocable to the administration of the estate. First, the $35.00 expense item for setting up the file and obtaining a tape of the first meeting of creditors was an out-of-pocket expense directly allocable to the Debtor's estate and

is allowed. Second, the Chapter 7 Trustee requests a reimbursement of $35.00 for preparing the semi-annual report. The Court views the preparation of the semi-annual report as a direct responsibility of the Chapter 7 Trustee for which he is compensated pursuant to 11 U.S.C. § 326(a). Any further compensation to the Chapter 7 Trustee in the form of an 11 U.S.C. § 330(a)(2) expense would be duplicative and as such a request for reimbursement on this item is denied. The third disputed expense item is a $6.00 charge for bond proration. The Court has already ruled that any reimbursement requests based on proration are per se inappropriate, therefore, the request for reimbursement is denied. The fourth expense item is listed as "getting out and mailing of five notices." The amount requested for this service is $330.50. The Court is unable to allow expense reimbursement for this item for two reasons. First, there has been no documentation what these notices are or how they benefitted the estate. Second, it was unclear to the Court whether the expense item of postage which has previously been allowed was included in this expense reimbursement request. The fifth expense item request was an $8.90 item for office supplies. The Court views this as a de minimis charge and will allow the expense request, however, the Court cautions that its holding might be different had the amount requested been greater.

■ The last disputed expense item on the Chapter 7 Trustee's report concerns the question of what is the appropriate per copy charge for photocopying. The Chapter 7 Trustee testified that the 573 copies were charged at $ .50 per copy which reflects his out-of-pocket expense. The United States Trustee objects and suggests that $ .25 per copy is more appropriate. The Court finds that it must agree with the United States Trustee on this matter. When faced with this issue in *In re: Orthopaedic Technology, Inc.*, 97 B.R. 596, 602 (Bkrtcy.D.Colo.1989) the Court held that absent evidence showing the actual cost of the Trustee, a Trustee's request for reimbursement of photocopying at the rate of $ .50 per page was excessive and accordingly reduced the per copy allowable expense to $ .15 per page. Other Courts have held that any charges for photocopying must be reasonable and actual and not the coin machine charge. *In re: Marsh*, 14 B.R. 615, 617 (Bkrtcy.E.D.Va.1981). Accordingly, this Court finds the objection of the United States Trustee to be meritorious and hereby reduces the Chapter 7 Trustee's per page copying charge to $ .25 per page. The Court's holding would be different if the Trustee could actually demonstrate an out-of-pocket cost of $ .50 per page by competent evidence. The Court admonishes those parties disagreeing with the Court's holding on the issue of appropriate copying charges to refer to *In re: WHET, Inc.*, 61 B.R. 709, 713 (Bkrtcy.D.Mass.1986) in which the Court held that $ .06 per copy was the appropriate rate.

Therefore, it is ORDERED that compensation to the Chapter Trustee be allowed in the amount of $3,216.49 and expense reimbursement be allowed in the amount of $392.82. In that the Chapter 7 Trustee will have to adjust the disbursements to be made to creditors in accordance with this opinion, the Chapter 7 Trustee is to refile the final report in this matter for later consideration by this Court. The Trustee's Final Report, Application for Compensation and Application to Close Case and Discharge Trustee is in its present form DENIED.

IT IS SO ORDERED.