**In re Allen and Cheryl BARKER, Debtors.**

**Bankruptcy No. 1–84–00961.**

United States Bankruptcy Court, N.D. California.

Sept. 30, 1991.

John Poppin, Poppin & Shier, San Francisco, Cal., for William B. Grover, Trustee.

Michele Mercurio, Rishwain, Hakeem & Ellis, Stockton, Cal., for debtor, Cheryl J. Barker.

William B. Grover, Santa Rosa, Cal., trustee.

## ORDER FIXING TRUSTEE'S COMPENSATION

ALAN JAROSLOVSKY, Bankruptcy Judge.

The trustee in this Chapter 7 case, William B. Grover, has done an excellent job. When he was appointed trustee, this case looked like it might be a no-asset case. Grover recognized that the estate might have a claim to the assets of the C.J. McCormick Equity Trust, an inter vivos trust established by debtor Cheryl Barker before her marriage to debtor Allen Barker. Grover hired counsel to pursue the matter, and after hard-fought litigation a settlement was reached whereby the trust would make separate arrangements with the IRS and turn over sufficient funds to the estate to pay all claims in full. All creditors have now been paid in full, and Grover is entirely deserving of the maximum compensation allowed by law for his 4½ years of efforts.

The issue now before the court is how the maximum fee is to be calculated. Grover has had receipts of $2,194,639.22, but under the terms of the settlement some of these funds are to be returned to the C.J. McCormick Equity Trust. The U.S. Trustee has objected to Grover's fee application, arguing that the amount turned over to the trust should be considered funds returned to the debtor and therefore not included in the calculation of the statutory maximum pursuant to section 326(a) of the Bankruptcy Code. If the funds are included in the calculation, Grover will be entitled to a total fee of $22,526.39. If they are not, his compensation will be $19,763.33.

The court begins its analysis by expressing its embarrassment over having to rule on this issue. The court has already awarded some $600,000.00 in this case to a coterie of lawyers, accountants, and appraisers. It borders on the absurd to have to decide if the minuscule fee application of the central figure in this case, the person who is ultimately responsible under the law, is $2,800.00 overstated. The court does not fault the U.S. Trustee, who is fulfilling his statutory duty by objecting. The Code itself creates the situation where the trustee is often the only one in the case who is not properly compensated. The situation is compounded in a case like this, commenced before the 1984 amendments, which limits the trustee's compensation to only 1%.

Three serious ills result from unrealistic limits on the trustee's compensation. First, they encourage trustees to turn everything in the case over to counsel, who can bill at his or her normal hourly rate and be fully compensated; this results in estates being billed $200 per hour for calling plumbers to fix toilets for tenants of

property owned by the estate. Second, they discourage the trustee from performing his statutory duties because there is no "profit" in them; investigation of debtors' affairs and opposition of their discharges are often stressful and rarely financially worthwhile for trustees, but are absolutely necessary to maintain the integrity of the bankruptcy system. Third, they encourage subterfuge by the trustees; expense applications are often inflated with overhead items to get around statutory limits, or trustees are permitted to hire themselves as lawyers or accountants and bill the estate at hourly professional rates for ordinary trustee duties. None of this is healthy for the bankruptcy system.

The court is aware that a few courts have issued decisions ignoring the statutory maximum for trustee compensation on equitable grounds. See, e.g., *In re Pancoastal, Inc.*, 104 B.R. 656 (Bkrtcy.D.Del. 1989). The court disagrees with such cases and does not feel free to ignore the provisions of the Code, even when the trustee has performed outstanding services. See *In re Palm Beach Resort Properties, Inc.*, 73 B.R. 323 (Bkrtcy.S.D.Fla.1987); *In re New England Fish Co.*, 34 B.R. 899, 902 (Bkrtcy.W.D.Wash.1983). The court has already declined to twist the Code so as to allow compensation over the statutory maximum. *In re Williams*, 102 B.R. 197 (Bkrtcy.N.D.Cal.1989).

On the other hand, the court sees no reason why it should interpret the plain meaning of the Code against the trustee where his compensation is too low any way. The Code permits the maximum compensation to be computed based on disbursements to any party other than the debtor. The C.J. McCormick Equity Trust is not the debtor. It has a separate identity under the law from the debtor, and files separate tax returns. One of the beneficiaries under the trust is not a debtor. Accordingly, the court finds that the Trust is a party in interest, not a debtor, and the trustee's compensation may be based on amounts disbursed to it.

It is therefore ORDERED that Grover's compensation is allowed as prayed.