**In re A–1 HYDRO MECHANICS CORP., Debtor.**

**Bankruptcy No. 87–00881.**

United States Bankruptcy Court, D. Hawaii.

Sept. 5, 1989.

Richard Kennedy, Honolulu, Hawaii, trustee, pro se.

Gayle J. Lau, Honolulu, Hawaii, for Office of the U.S. Trustee.

Emma S. Matsunaga, Honolulu, Hawaii, for Stanley Yamamoto, President of A–1 Hydro Mechanics Corp. ("Debtor").

Cathy Sekiguchi, for First Hawaiian Bank.

Carol Muranaka, Honolulu, Hawaii, for the U.S.

## MEMORANDUM DECISION AND ORDER RE: REIMBURSEMENT OF TRUSTEE'S EXPENSES

JON J. CHINEN, Bankruptcy Judge.

On May 16, 1989, Richard M. Kennedy ("Trustee") filed Trustee's Application for Approval and Confirmation of Interim Reimbursement of Expenses for the period June 1988 through February 1989. An objection to Trustee's Application for Approval and Confirmation of Interim Reimbursement of Expenses was filed by the Office of the United States Trustee on June 1, 1989. An Amended Application was filed by the Trustee on June 2, 1989, a Second Amended Application was filed on July 12, 1989, and a Third Amended Application ("Application") was filed on July 19, 1989.

A hearing was held on the Application on July 28, 1989, at which hearing the Trustee represented himself, Gayle J. Lau, Esq. represented the Office of the U.S. Trustee, Emma S. Matsunaga, Esq. represented Stanley Yamamoto, President of A–1 Hydro Mechanics Corp. ("Debtor"); Cathy Sekiguchi, Esq. represented First Hawaiian Bank and Carol Muranaka, Esq. represented the United States of America.

Following the hearing, the Court took the matter under advisement. Based upon the records in the file, the memoranda submitted and arguments presented, the Court renders this Memorandum Decision.

The Chapter 11 Petition in this case was filed on November 9, 1987. On or about June 12, 1988, at the request of Debtor, the Court converted the case to Chapter 7. Mr. Kennedy was appointed Trustee on or about June 14, 1988.

The Schedules of Assets and Liabilities filed on December 15, 1987 showed total liabilities of $6,953,865.78 and total assets of $5,468,251.72. It is clear that the estate had no equity in the assets. Among the liabilities were $1,210,692.75 owing in taxes and $4,511,528.54 in secured debt owing to First Hawaiian Bank ("Bank"). The Internal Revenue Service ("IRS") and the Bank had liens on all of the assets of Debtor.

The Trustee states that he has two bank accounts with a balance of $90,198.33. He further states that the funds are designated for the two secured creditors, the Bank and the IRS and that the secured creditors have no objection to his request for reimbursement.

In his application, the Trustee requests "the reimbursement by the secured creditors in the amount of $7,619.68 for reasonable, necessary and actual expenses incurred and paid by Applicant (Trustee) in connection with the administration of the estate." In support of his application, the Trustee submitted time sheets showing services rendered by his clerical staff from June 16, 1988 through February 28, 1989. He contends that he is entitled to reimbursement for the amount paid to his clerical staff.

■ The Trustee bears the burden of proof in all fee matters and reimbursement of costs and expenses. *In re Werth*, 32 B.R. 442 (Bankr.D.Colo.1983). The Application must contain adequate information to show that the request for reimbursement is reasonable and that the expenses and costs incurred were for the benefit of the estate.

■ Although the Trustee is entitled to engage a paraprofessional to assist him and have the paraprofessional paid out of the estate, secretarial, stenographic, clerical and routine messenger services are overhead expenses and are not compensable under Section 330(a)(1) or reimbursable under Section 330(a)(2). *In re Orthopaedic Technology, Inc.*, 97 B.R. 596 (Bkrtcy.D.Colo.1989), *In re Kreidle*, 85 B.R. 573 (Bankr.D.Colo.1988), *In re Thacker*, 48 B.R. 161 (Bankr.N.D.Ill.1985).

■ In the instant case, by reviewing the time sheets, it cannot be determined by the Court which were secretarial or clerical services and which were paraprofessional services actually rendered and of value to the estate. The entries as shown by the samples listed below contain inadequate information:

DKS File Max Statement

LKA Phones; Disc. w/various parties; memos

CSY Disc w/RMK; MLW Re General Inf.

LRH Cash Receipts; Call Bank

MLW Cont. Inspection; Review Job Orders; Search for Comp.

LKA To Bank; Phones; Filing

LKA Phones; Phone Calls

LKA Phones; Filing

In fact, the entries appear to be clerical, secretarial or stenographic services. As such, they are part of the Trustee's overhead expenses and are not entitled to reimbursement from the estate.

As the Court stated in *In re Orthopaedic Technology, Inc., supra,*

> Activities such as reviewing mail, making deposits and disbursements and reconciling bank statements appear to be clerical in nature and, absent a more specific showing, should not be separately compensable as professional-type services provided by a paraprofessional.

It is not for the Court to struggle through the time sheets and strive to look for paraprofessional services rendered to justify reimbursements to the Trustee. The time sheets submitted are inadequate and the Court finds that the Trustee has not carried his burden to prove that he is entitled to reimbursement.

■ The Trustee acknowledges that all of the accounts receivable were secured in favor of the Bank and the IRS and that there was no equity for the estate. Yet, the Trustee states that he did not abandon the accounts receivable to the Bank and the IRS. Instead, the Trustee, without prior approval of the Court, entered into an agreement with the Bank and the IRS that he would collect the accounts receivable for the Bank and the IRS for a total sum of $5,000.00. In effect, the Trustee is requesting the Court to approve the arrangement that he had entered with the IRS and the Bank. The Court declines to do this.

The Trustee states that he is trustee for over 400 cases and that he is extremely busy. Yet, in this case, he made a separate agreement with two secured creditors to work for their benefit, and not for the benefit of the estate. Where the trustee has an agreement that he will be paid for work performed on behalf of the secured creditors, there is a conflict of interest.

The Court does not approve of the Trustee working solely for secured creditors. On June 29, 1988, the Trustee filed a Motion for Authority to Sell Real Property Free and Clear of All Liens and a Motion to Sell Personal Property by auction. However, at the hearing held on July 18, 1988, the Court discovered that there was no equity for the estate and denied the motions, unless the secured creditors contributed funds for the benefit of the unsecured creditors. As a result, on July 21, 1988, both motions were withdrawn and subsequently the real and personal property were abandoned.

The Trustee's duties and responsibilities are to the estate, not to any one particular creditor of the estate. The estate is his "master". When the Trustee agreed to collect the accounts receivable for the IRS and the Bank for $5,000.00, he in effect had two more "masters", the IRS and the Bank. No matter how brilliant and capable a person is, he cannot adequately serve more than one master. In such a situation, there is a conflict on the part of the Debtor.

A trustee is an officer of the Court. He is in a fiduciary capacity to the estate and he must at all times be above reproach. Even the appearance of impropriety should be avoided. And, the Trustee is reminded that all officers of the Court and of the estate, of which the Trustee is one, should strive to keep to a minimum the costs to the estate. *In re Orthopaedic Technology, Inc., supra,* p. 599.

Because of the conflict on the part of the Trustee and because the time sheets submitted appear to show that the services rendered were part of overhead expenses, the Court denies the Trustee's request for reimbursement.

SO ORDERED.