**In re Ricardo MOSS, Debtor.**

No. 02–41217.

United States Bankruptcy Court,
E.D. Michigan,
Southern Division.

Jan. 31, 2005.

146

Thomas R. Morris, Shefferly, Silverman and Morris, West Bloomfield, MI, for Debtor.

## OPINION REGARDING TRUSTEE'S APPLICATION FOR FINAL COMPENSATION

THOMAS J. TUCKER, Bankruptcy Judge.

This case raises procedural and substantive issues regarding compensation of Chapter 7 trustees. Before the Court is the "Final Report and Account of Trustee, Application For Final Compensation and Reimbursement of Expenses, Proposed Distribution And Notice of Proposed Abandonment," in which the Chapter 7 Trustee seeks compensation in the amount of $9,332.55. This amount is the statutory maximum allowable under 11 U.S.C. § 326(a). Debtor objects to the fee request as "excessive and unjustified." The Court concludes that the Chapter 7 Trustee has not met his burden under 11 U.S.C. § 330 of showing that the $9,332.55

he requests is reasonable compensation for the services he performed in this case. Rather, the Court concludes that reasonable compensation in this case is $3,267.50.

## I. Facts and procedural history.

### A. Course of proceedings in the bankruptcy case.

The Court recounts some of the significant events in the Chapter 7 case, because they bear on the reasonableness of the Trustee's fee request. Debtor filed this voluntary Chapter 7 case on January 16, 2002. On Schedule A, Debtor listed ownership of real estate located at 21515 Cedar, St. Clair Shores, Michigan 48081 (the "Property"), with a current market value of $130,000.00. On Schedule C, Debtor claimed an exemption of $8,725.00 in the Property. On Schedule D, Debtor indicated that the Property was subject to three mortgages: a first mortgage in the amount of $74,000.00; a second mortgage in the amount of $4,170.94; and a third mortgage that was granted to Comerica Bank ("Comerica") in December 2001 in the amount of $100,000.00. On Schedule E, Debtor listed an unsecured priority claim in the amount of $60,000.00 owing to the Internal Revenue Service ("IRS"), reflecting Debtor's personal liability for withholding taxes incurred by Paramount Plastic Molding, Inc., a company Debtor had owned and operated.

Mark Shapiro was appointed as the Chapter 7 Trustee on January 22, 2002. Six days later, Debtor's counsel wrote a letter to the Trustee advising him that Comerica's third mortgage on the Property was an avoidable transfer that should be recovered under Bankruptcy Code §§ 547 and 550.[1] The letter also advised the Trustee that after the avoidance of Comerica's third mortgage and the sale of the

1. (Ex. A of Debtor's Resp. to Br. in Supp. of Trustee's Req. for Compensation at 1.)

Property, even considering the exemption claimed by Debtor and the payment of administrative expenses, "there should be funds available to pay pre-petition claims, specifically including the priority claim of the IRS." The letter expressed the hope "that as much as possible will go to satisfy any claim of the IRS for withholding taxes owing by Paramount Plastic Molding, Inc." [2]

On February 28, 2002, the Court entered an Order authorizing the Trustee to employ the services of his law firm, Steinberg & Shapiro, as counsel. Counsel for the Trustee handled many aspects of the case. In a letter to Debtor's counsel, the Trustee's counsel challenged as improper Debtor's claimed exemption in the Property. That matter was promptly resolved by Debtor waiving the exemption, with little expense to the estate. On March 6, 2002, the Trustee's counsel filed an adversary proceeding against Comerica seeking to avoid Comerica's third mortgage. That case was quickly settled on June 3, 2002, by the entry of a stipulated order avoiding Comerica's mortgage. (*See* "Stipulated Order Avoiding Lien of Comerica Bank Recorded November 29, 2001 Against Property.") The remainder of the services performed by the Trustee's counsel related to the sale of the Property and distribution of the proceeds of that sale.

### B. The fee applications filed by the Trustee and his counsel.

On October 14, 2003, the Trustee's counsel filed its "First and Final" fee application, seeking fees of $5,217.75 and reimbursement of $108.45 in expenses. The fee application contained a detailed narrative of the services performed by the Trustee's attorney, and an itemized description of services and actual time spent in performing those services. Under the heading "Trustee," the fee application listed 2.10 hours of time spent by the Chapter 7 Trustee in performing services. The Trustee's law firm did not seek compensation for this Trustee time in its attorney fee application.

On December 19, 2003, the Trustee filed his fee application, seeking compensation in the amount of $9,332.55 and $0.00 for reimbursement of expenses. The Trustee's fee application did not contain any details about the services the Trustee performed in administering the estate or any time entries for his services. The fee application shows that the Trustee calculated the amount of compensation using the formula for maximum compensation allowed under 11 U.S.C. § 326(a), based on total disbursements of $121,651.00.

### C. Debtor's objections and further proceedings.

Debtor filed a timely objection to the fees and expenses requested by the Trustee and his attorney, arguing that the "[c]ompensation to the Trustee and his law firm in the [total] amount of $14,500 is excessive and unjustified." [3] The Court was unaware, due to a clerical error, that Debtor had filed a timely objection to the fee applications, and on February 3, 2004, entered an Order approving the Trustee's fees and an Order approving the Trustee counsel's fee request. On February 11, 2004, Debtor filed a motion for reconsideration of the February 3, 2004 Orders.

The Court held a hearing on Debtor's motion for reconsideration, the Trustee's fee application, and the Trustee counsel's fee application, on March 18, 2004. At the hearing, Debtor withdrew his objection to

---

**2.** (*Id.*)

**3.** (*See* "Debtor's Objection to Trustee's Final Account and Fee Applications" at 2 ¶ 6.)

the fees and expenses requested by the Chapter 7 Trustee's attorney. But Debtor argued that the Trustee was only entitled to $420 in compensation, based on the 2.1 hours designated as Trustee time on the fee application of the Trustee's counsel, multiplied by an hourly rate of $200. Debtor argued that paying the Trustee the $9,322.55 in compensation requested would translate into an hourly rate of almost $4,500, and that this is excessive given the limited services the Trustee performed in this case and the actual amount of time the Trustee spent in performing those services.

At the hearing, the Chapter 7 Trustee informed the Court that (1) he had performed services that had taken more than the 2.1 hours reflected on his attorney's fee application, but he had not maintained contemporaneous time records of the services he performed in administering the estate; (2) it is his normal practice, in acting as a Chapter 7 trustee, not to record time spent in performing services in cases unless it is apparent that fees will be substantial; (3) the United States Trustee does not require him, when acting as a Chapter 7 panel trustee, to keep time entries regarding services performed in cases where fees requested are under $15,000; and (4) it is the standard practice and policy of the United States Trustee and bankruptcy courts to award the maximum amount of fees permitted under § 326(a), without documentation of the services performed or the time spent by the panel trustees, unless a party opposing

an award of the compensation can demonstrate that the fees are unreasonable.

At the conclusion of the hearing, the Court directed the Trustee (1) to prepare an itemized fee application by using his best effort to detail the services he performed for the estate and to estimate the time he spent in performing those services; and (2) to brief the issue of how the Court should determine the "reasonable compensation" under § 330 for the services the Trustee performed in this case. The Court also ruled that, because Debtor had withdrawn his objections to the Trustee's attorney's fee application, and because the attorney fee application was reasonable, the Court would vacate the February 3, 2004 Order approving the Trustee's fee, but leave intact the Order approving the fees and expenses of Trustee's counsel.[4]

The Trustee filed a brief and a detailed estimate of the time spent working as the Trustee in this case. The Trustee estimated that he and his assistant spent a total of 32.5 hours performing services in the bankruptcy case (of which 5.6 hours were Trustee assistant time.) The Trustee stated that this estimate likely understates the total amount of time he spent on the case.[5]

Debtor filed a response, arguing among other things that the Trustee should be denied *any* compensation due to the Trustee's failure to comply with Fed. R. Bankr. P.2016 and L.B.R.2016–1.[6]

### D. The United States Trustee's position.

The Court held a further hearing on the Trustee's fee application on April 15, 2004.

---

**4.** *See* "Order Granting Debtor's 'Motion for Reconsideration of Orders Granting Applications For Compensation,' Vacating the Court's February 3, 2004 'Order Authorizing Payment of Final Fees and Expenses to the Trustee,' and Adjourning Hearing on 'Debtor's Objection to Trustee's Final Account and Fee Applications," ' filed March 24, 2004.

**5.** (Br. in Supp. of Trustee's Req. for Compensation at 13).

**6.** (Debtor's Resp. to Br. in Supp. of Trustee's Req. for Compensation" at 7.)

The United States Trustee appeared at the hearing and argued that the fees requested by the Trustee are reasonable and should be allowed in full. The United States Trustee ("UST") stated that its policy is not to require Chapter 7 trustees to submit fee applications with time entries in cases where the total fees requested is under $15,000. The UST argued that the Chapter 7 Trustee in this case should not be penalized for relying on the policy of the UST. The UST also argued that its present policy is necessary to keep qualified professionals on the panel of trustees. The UST requested an opportunity to file supplemental materials concerning its policy, and a statement of its position. The Court granted this request, and the UST filed a "Statement by the United States Trustee to Chapter 7 Trustee's Request for Compensation." Debtor filed a response to the UST's Statement. The Court then took the matter under advisement.

## II. Jurisdiction.

This Court has subject matter jurisdiction under 28 U.S.C. §§ 1334(b), 157(a) and (b)(1) and Local Rule 83.50(a) (E.D.Mich.). This matter is a "core proceeding" under 28 U.S.C. § 157(b)(2)(A).

## III. Discussion.

### A. Standing.

■ A threshold issue is whether Debtor has standing to object to the Trustee's fee application. The Trustee argues that because there will be no surplus funds distributed to Debtor, "Debtor has only an indirect interest in this matter." According to the Trustee, this indirect interest is insufficient to make Debtor a "party in interest" with standing to object to his fee application.[7]

Debtor argues that he has a pecuniary interest in the matter because he may be personally liable to the IRS for the payment of the withholding taxes owing by Paramount Plastic Molding, Inc., to the extent that this debt is not satisfied from distributions of the estate, and that this debt is non-dischargeable. Debtor states that "[e]very extra dollar paid to the Trustee is a dollar less that goes to the IRS and a dollar more that [Debtor] may be liable to pay."[8] The Court concludes that Debtor has standing to object to the Trustee's fee application.

■ Generally, to have standing in a bankruptcy case, "a person must have a pecuniary interest in the outcome of the bankruptcy proceedings."[9] One rule that follows from this "pecuniary interest" standard is that an insolvent Chapter 7 debtor generally does not have standing to object to claims, because "he is considered to have no interest in how his assets are distributed among his creditors and is held not to be a party in interest."[10] Courts

---

7. (Br. in Supp. of Trustee's Request for Compensation at 3.)

8. (Debtor's Resp. to Br. in Supp. of Trustee's Req. for Compensation at 3–4.)

9. *Cult Awareness Network, Inc. v. Martino* (*In re Cult Awareness Network, Inc.*), 151 F.3d 605, 607 (7th Cir.1998); *see also McGuirl v. White*, 86 F.3d 1232, 1234 (D.C.Cir.1996); *Anderson v. Simchon* (*In re Southern Textile Knitters, Inc.*), 1999 WL 33485638, at *3 (Bankr.D.S.C. May 24,1999)("The general

rule in the Fourth Circuit is that a Chapter 7 debtor only has standing if it can be demonstrated that he has a pecuniary interest in the distribution of his assets among his creditors.").

10. *See United States v. Jones*, 260 B.R. 415, 418 (E.D.Mich.2000)("[A]lmost every court that has dealt with the issue of a Chapter 7 debtor's standing to object, has held that unless there is going to be a surplus, debtors do not have standing to object to a proof of claim.").

recognize an exception to this rule, however, when the debtor has a non-dischargeable debt, for which the debtor will remain personally liable after the bankruptcy.[11]

In this case, Debtor scheduled $60,000 of priority debt to the IRS, and the Trustee does not dispute that such debt is non-dischargeable. *See, e.g.,* 11 U.S.C. §§ 523(a)(1) and 507(a)(8)(C). To the extent the Court reduces or disallows the Trustee's fees, more money will be available for distribution to pay the IRS's priority claim, which will in turn reduce Debtor's non-dischargeable liability to the IRS. The Court therefore concludes that Debtor's personal liability for the non-dischargeable debt to the IRS gives him a sufficient pecuniary interest to have standing to object to the Trustee's fee application.

### B. Standards for determining reasonable compensation for the Trustee.

The parties agree that §§ 330 and 326 of the Bankruptcy Code control the amount of compensation to be awarded to a Chapter 7 trustee, but they disagree about the standards to be applied under those sections. Section 330(a)(1)(A) authorizes the Court to award to the Chapter 7 Trustee "reasonable compensation for actual, necessary services rendered by the trustee[.]" 11 U.S.C. §§ 330(a)(1)(A). Section 326(a), however, provides that "reasonable compensation" awarded to a trustee under § 330 may not exceed the amount calculated under the following formula:

> reasonable compensation under section 330 . . . not to exceed 25 percent on the first $5,000 or less, 10 percent on any amount in excess of $5,000 but not in excess of $50,000, 5 percent on any amount in excess of $50,000 but not in excess of $1,000,000, and reasonable compensation not to exceed 3 percent of such moneys in excess of $1,000,000, upon all moneys disbursed or turned over in the case by the trustee to parties in interest, excluding the debtor, but including holders of secured claims.

11 U.S.C. § 326(a).

#### 1. The Trustee's arguments.

The Trustee argues that "the statutory [t]rustee compensation provided under 11 U.S.C. § 326(a) is not only the maximum fee allowable to a trustee, but is also the presumptively correct fee to be awarded in Chapter 7 cases, absent an objecting [party's] ability to demonstrate reasons the statutory fee should be reduced or eliminated."[12] The Trustee also urges the Court to adopt the standard of determining trustee compensation used in *In re Moon,* 258 B.R. 828, 836 (Bankr.N.D.Fla. 2001): "To the extent that an award of the maximum compensation allowable under § 326(a) does not result in what would appear to be an unconscionable windfall, when measured against the *Johnson [v. Georgia Highway Express, Inc.,* 488 F.2d

---

11. *See McGuirl v. White,* 86 F.3d 1232, 1235–36 (D.C.Cir.1996)(finding, where the debtors had pre-petition debts that were nondischargeable, and had been denied a discharge of all of their pre-petition debts, debtors had a sufficient interest to give them standing to object to the trustee's fee application); *Mulligan v. Sobiech,* 131 B.R. 917, 920–21 (S.D.N.Y.1991)(affirming the bankruptcy court's ruling that a Chapter 7 debtor in a converted case was a "party in interest" with standing to object to a proof of claim because

"if the debtor's objection to [the creditor's] claim [was] sustained, it [would] directly benefit the debtor, by making funds available to pay the non-dischargeable IRS claims"); *Jones,* 260 B.R. at 418 (recognizing the exception to the general rule of a Chapter 7 debtor's lack of standing to file objections stated in *Mulligan).*

12. (Br. in Supp. of Trustee's Req. for Compensation at 3.)

714, 717–719 (5th Cir.1974)] factors, trustees may reasonably expect to receive the maximum allowable fee." [13] According to the Trustee, presumptively allowing Trustee fees in the maximum amount allowable under § 326(a) is the "trade-off or fair exchange for the vast majority of the no-asset cases handled by [t]rustees, and for which the [t]rustee receives a fee of only $60." [14] According to the Trustee, the approach taken by the Court in *Moon* also is appropriate because (1) "there are numerous additional costs associated with conducting the Trustee's operations .. [which] would include clerical and secretarial expenses, postage, office rent and utilities and supplies, none of which are entitled to separate reimbursement outside of the statutory trustee compensation allowable under § 326(a);" (2) "the right to receive any compensation whatsoever is largely contingent at the onset of the case;" (3) the Trustee is "not paid until the end of the case" and thus carries all expenses of administration and of his assistant "until completion of administration;" (4) trustees generally only seek interim compensation "in large cases" in which the trustees believe the time spent on maintaining detailed time records is justified; and (5) the *Johnson* factors weigh in favor of this approach.[15]

Applying the standard he advocates, the Trustee argues that he is entitled to the maximum fees allowable under § 326(a) because "[t]here is no evidence of any deficiency in the Trustee's administration of the case." Specifically, the Trustee urges the Court to consider:

1.) [the] absence of any allegation of mishandling or even ineffective administration of the estate; 2.) the absence of any allegation that the Trustee failed to fulfill either his fiduciary duties prescribed under § 704; or those services customarily rendered in connection with the administration of Chapter 7 estates; 3.) the results of administration of this estate (*i.e.*, satisfaction of a secured claim of $79,000 and payment of an IRS priority claim of over $12,000); and 4.) the comparison of the percentage of expenses of administration, as compared to the total funds distributed through the estate.[16]

## 2. The United States Trustee's position.

The United States Trustee appears to agree with the approach espoused by the Chapter 7 Trustee. The UST supports the Chapter 7 Trustee's fee request in this case, and states that "[u]pon review of the [T]rustee's Final Report, the United States Trustee determined that the case had been properly administered within a reasonable time period, and that the fee request was reasonable." [17]

## 3. Debtor's arguments.

Debtor argues that the "presumptively correct" standard of automatically allowing trustee fees in the maximum amount allowable under § 326(a), advanced by the Chapter 7 Trustee, is contrary to the Bankruptcy Code, the Bankruptcy Rules, and this Court's local bankruptcy rules.[18] According to Debtor, this standard also

---

13. (Br. in Supp. of Trustee's Req. for Compensation at 10.)

14. (*Id.* at 7.)

15. (*Id.* at 13–15.)

16. (*Id.* at 11.)

17. ("Statement by the United States Trustee to Chapter 7 Trustee's Request for Compensation" at 3–4.)

18. (Debtor's Resp. to Br. in Supp. of Trustee's Req. for Compensation at 3–7.)

improperly places the burden of proof regarding reasonableness of the fee on the party opposing a trustee fee application, rather than on the trustee where it belongs. Debtor argues further that § 326(a) only sets the *maximum* amount of compensation allowable to a Chapter 7 trustee, while reiterating § 330's requirement that the amount of compensation be "reasonable." And § 330 otherwise is the controlling statutory provision for determining a reasonable amount of compensation to be awarded to a Chapter 7 trustee.

Debtor also argues that the Trustee must comply with Fed. R. Bankr.P.2016, and L.B.R.2016–1 (E.D.Mich.) in order to receive any compensation. The Debtor argues that because the Trustee's fee application did not comply with these rules, and because the Trustee is now advocating a position that is unfounded under the law, the Court should award the Trustee *no* compensation for services he performed in administering the estate in this case and in litigating his fee application.

### 4. The proper standards.

### (a) The interaction between §§ 326(a) and 330.

■ Bankruptcy Code §§ 330 and 326, as well as Fed. R. Bankr.P.2016(a) and L.B.R.2016–1(d) (E.D.Mich.) govern awards of compensation to a Chapter 7 trustee. Section 330, entitled "Compensation of officers," rather than § 326, enti-

tled "Limitation on compensation of trustee," is the Bankruptcy Code provision that establishes a Chapter 7 trustee's entitlement to fees. It is only after a bankruptcy court first determines, under § 330, the amount of compensation that it is "reasonable" to award to a Chapter 7 trustee based on the services he performed in the case, that the court applies § 326 to limit that compensation. This is clear not only from the prevailing case law,[19] but also from § 326(a), which begins as follows: "In a case under chapter 7 or 11, the court may allow *reasonable compensation under section 330* of this title of the trustee for the trustee's services, payable after the trustee renders such services, *not to exceed ...*" 11 U.S.C. §§ 326(a) (emphasis added).

The Court, therefore, considers whether the Trustee's requested compensation is "reasonable" under the factors listed in § 330. And the Court rejects the Trustee's argument that the maximum percentage amounts in § 326(a) should be rebuttably presumed to be reasonable. Similarly, the Court rejects the "unconscionable windfall" standard described in the *Moon* case, *i.e.*, the rule that trustees generally should receive the maximum compensation allowed by § 326(a) unless that amount would be an "unconscionable windfall." Each of these standards is inconsistent with § 330, and neither standard finds any support in the Bankruptcy Code.

19. *Staiano v. Cain (In re Lan Associates, XI, L.P.)*, 192 F.3d 109, 121–22 (3d Cir.1999)(holding that consideration of the maximum fees set forth in § 326(a) in the course of a § 330(a) reasonableness determination is erroneous as a matter of law, and "that the § 330(a) and the § 326(a) analyses must be conducted separately"); *see also In re Neill*, 242 B.R. 685, 689 (Bankr.D.N.D. 1999)("The percentage allowance as set out in section 326 does nothing more than place a ceiling on the amount that can be awarded under section 330.... Courts are uniform in concluding that section 330 is the exclusive basis for arriving at what is reasonable compensation for a trustee's actual and necessary services"); 3 *Collier on Bankruptcy* § 330.03[1], at 320–13 (Alan N. Resnick & Henry J. Sommer, ed., 15th ed. rev. 2004) ("The maximum compensation payable to trustees is set forth in section 326, although that section does not create a statutory entitlement to the maximum compensation.")

■ Section 330 provides, in relevant part:

(a) (1) After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a trustee, an examiner, a professional person employed under section 327 or 1103—

(A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional person employed by any such person; and

(B) reimbursement for actual, necessary expenses.

(2) The court may, on its own motion or on the motion of the United States Trustee, the United States Trustee for the District or Region, the trustee for the estate, or any other party in interest, award compensation that is less than the amount of compensation that is requested.

(3) (A) In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—

(A) the time spent on such services;

(B) the rates charged for such services;

(C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

(D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and

(E) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

(4)(A) Except as provided in subparagraph (B), the court shall not allow compensation for—

(i) unnecessary duplication of services; or

(ii) services that were not-

(I) reasonably likely to benefit the debtor's estate; or

(II) necessary to the administration of the case.

 * * * * * *

(6) Any compensation awarded for the preparation of a fee application shall be based on the level and skill reasonably required to prepare the application.

11 U.S.C. § 330. "[A]lthough a [bankruptcy court] need not necessarily limit its reasonableness assessment to the statutorily enumerated factors, it should consider ... only those factors which are somehow pertinent to assessing the trustee's services." *Staiano v. Cain (In re Lan Associates, XI, L.P.)*, 192 F.3d 109, 124 (3d Cir.1999).

■ Under § 330, the Chapter 7 Trustee has the burden of proving by a preponderance of the evidence that the amount of compensation he is requesting is "reasonable" and that it is for necessary services that he actually performed.[20]

---

20. *See Continental Illinois National Bank & Trust Company of Chicago v. Charles N. Wooten, Ltd. (In re Evangeline Refining Co.)*, 890 F.2d 1312, 1326 (5th Cir.1989)("The applicant bears the burden of proof in a fee application case."); *In re Neill*, 242 B.R. 685, 690 (Bankr.D.N.D.1999)("As with the fee application of any professional, the trustee, as applicant, bears the burden of proving the nature of the services performed, their necessity and

**(b) The requirements applicable to the Trustee's fee application.**

■ Federal R. Bankr.P.2016(a) provides, in relevant part, that "[a]n entity seeking interim or final compensation for services, or reimbursement of necessary expenses, from the estate shall file an application setting forth a detailed statement of (1) the services rendered, time expended and expenses incurred, and (2) the amounts requested." This rule applies to a Chapter 7 trustee's fee request.

Local Bankruptcy Rule 2016–1(d) adds further requirements regarding the information required in a Chapter 7 trustee's fee application. It provides:

*In addition to the requirements of Fed. R. Bankr.P.2016(a),* an application for compensation and reimbursement of expenses of a chapter 7 trustee ... *shall set forth sufficient facts for the Court to determine reasonable compensation under Code § 330,* including the compensation requested and the manner by which it was computed, the nature of the expense, the date incurred, and the reason incurred. Vouchers and invoices shall be made available for review by the United States trustee.

(emphasis added).

Contrary to the suggestions of the Chapter 7 Trustee, neither the *Guidelines for Reviewing Applications for Compensation & Reimbursement of Expenses Filed Under 11 U.S.C. § 330* ("Guidelines"), nor the *Amendment to United States Trustee's Discretionary Addendum To the Uniform Fee Guidelines for the Eastern District of Michigan* ("Addendum"), dispense with

the requirements that the Chapter 7 Trustee maintain time records and submit a detailed fee application in order to be awarded compensation under § 330. The language in the Guidelines and the Addendum show that they are intended to be consistent with the requirements of Fed. R. Bankr.P.2016(a), L.B.R.2016–1(d), and § 330. The Guidelines provide, in relevant part:

The Guidelines are not intended to supersede local rules of court, but should be read as complementing the procedures set forth in local rules.

\* \* \* \* \* \*

The Guidelines thus reflect standards and procedures articulated in section 330 of the Code and Rule 2016 of the Federal Rules of Bankruptcy Procedure for awarding compensation to trustees[.]

\* \* \* \* \* \*

Fee applications submitted by trustees are subject to the same standard of review as are applications of other professionals and will be evaluated according to the principles articulated in these Guidelines. Each United States Trustee should establish whether and to what extent trustees *can deviate from the format specified in these Guidelines* without substantially affecting the ability of the United States Trustee to review and comment on their fee applications in a manner consistent with the requirements of the law.

(Guidelines at ¶¶ (a)(3), (a)(5), and (a)(6).) The Guidelines, under the heading "Project Billing Format," [21] state: "Time en-

---

their reasonableness."); *In re A–1 Hydro Mechanics Corp.,* 106 B.R. 198, 199 (Bankr.D.Hawaii 1989)("The Trustee bears the burden of proof in all fee matters and reimbursement of cost and expenses."); *In re Copeland,* 154 B.R. 693, 699 (Bankr. W.D.Mich.1993)("The applicant bears the

burden of showing that the fees requested are reasonable."); *In re Stoecker,* 128 B.R. 205, 209 (Bankr.N.D.Ill.1991)("The burden of proof to show entitlement to the fees requested is on [the requesting party].").

**21.** The fee application "format" referred to in the Guidelines quoted above is the "Project

tries should be kept contemporaneously with the services rendered in periods of tenths of an hour."

The Addendum, applicable in the Eastern District of Michigan, provides in relevant part:

*Trustee Time.* Pursuant to Section (a)(6) of the Uniform Guidelines, as amended, fee applications submitted by trustees are subject to the same standard of review as are applications of other professionals and will be evaluated according to the principles articulated in the Uniform Guidelines. However, pursuant to the discretion granted to the United States Trustee in Section (a)(6) of the Uniform Guidelines, as amended, in the Eastern District of Michigan, applications for compensation for trustees need not comport with the Uniform Guidelines under the following circumstances:

A. Chapter 7 Trustees

Applications in which the *cumulative* compensation (exclusive of expenses) requested by the trustee in the case totals $15,000.00 or less, however, **time records must be maintained in a manner that is consistent with the require-**

**ments of Federal Rule of Bankruptcy Procedure 2016(a).** Trustee time records shall be made available to the United States Trustee upon request.

(Addendum at 2, ¶ 4 (bold emphasis added.)) [22]

■ Thus, a Chapter 7 trustee seeking compensation under § 330(a) must file a fee application that complies with Fed. R. Bankr.P.2016(a), and, in the Eastern District of Michigan, that also complies with L.B.R.2016–1(d). The fee application that the Chapter 7 Trustee filed in this case contains no itemized description of services or the time spent on those services, and therefore does not comply with those rules. However, the "Brief in Support of Trustee's Request for Compensation" contains documentation regarding the services the Trustee performed and the time spent in performing those services. The Court will consider the Chapter 7 Trustee's fee application, as supplemented by the Trustee's brief, to determine whether the Trustee has demonstrated that the $9,332.55 in fees he seeks is reasonable compensation for actual and necessary services the Trustee performed.

Billing Format" at Paragraph (b)(4) of the Guidelines. The Court notes that the requirement that fee applications be in a "project billing format" is a requirement imposed by the Guidelines and is not a requirement of Fed. R. Bankr.P.2016(a) or L.B.R.2016–1. Therefore, the United States Trustee may, consistent with Fed. R. Bankr.P.2016(a) or L.B.R.2016–1, dispense with this requirement.

22. Arguably, Paragraph A of the Addendum could be interpreted to mean that Chapter 7 trustees need not include time entries in their fee applications in cases in which the cumulative compensation requested is under $15,000. This interpretation arises from the sentence that requires chapter 7 trustees to provide the United States Trustee with time records, upon request. If the time records

were required to be part of the fee application, there would appear to be no need for the Chapter 7 trustee to provide them to the United States Trustee "upon request," because the United States Trustee would already have them as part of the fee application. On the other hand, this interpretation of Paragraph A of the Addendum would be contrary to Fed. R. Bankr.P.2016(a). This interpretation of the Addendum, therefore, seems unwarranted in light of the other provisions in both the Addendum and the Guidelines, which indicate that the intent of the Guidelines and the Addendum is to be consistent with § 330, Fed. R. Bankr.P.2016 and L.B.R.2016–1. In the event of a conflict between Rule 2016(a) and the UST's Addendum, of course, Rule 2016(a) would govern.

**5. Review of the Trustee's fee application in this case.**

The Court notes initially that the Trustee's failure to keep contemporaneous time records does not necessarily preclude him from proving the amount of hours he actually spent performing services for the estate. But estimated time entries that have been reconstructed long after the fact, from memory and reference to other documentation in the case, are by their nature less reliable than those recorded when the service was rendered.[23]

This bankruptcy case began on January 16, 2002, so the Trustee had to reconstruct time for some services rendered over two years earlier. The Court considers this fact along with the other relevant factors in making its determination regarding the compensation that is "reasonable."[24]

**(a) The lodestar fee calculation.**

■ To determine the amount of compensation that is "reasonable," the Court must use the lodestar method of fee calculation, based on the Trustee's fee application and the supplemental material the Trustee submitted. *See generally Boddy v. United States Bankruptcy Court, Western District of Kentucky (In re Boddy)*, 950 F.2d 334, 337–38 (6th Cir.1991). This involves a two-step analysis. First, "the court multiplies a reasonable hourly rate by the proven number of hours reasonably expended on the case by counsel" to arrive at the lodestar figure. *Geier v. Sundquist*, 372 F.3d 784, 791 (6th Cir.2004). "Once the lodestar figure is established, the trial court is permitted to consider other factors, and to adjust the award upward or downward to achieve a reasonable result." *Id.* at 792 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 434, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)).

■ In determining the lodestar figure, courts generally consider the factors listed in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974):

(1) the time and labor required; (2) the novelty and difficulty of the question; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is

---

**23.** In *Continental Illinois National Bank & Trust Company of Chicago v. Charles N. Wooten, Ltd. (In re Evangeline Refining Co.)*, 890 F.2d 1312, 1327 (5th Cir.1989), the court explained the difficulty a court faces in dealing with time entries that have not been maintained contemporaneously:

> While time records need not be contemporaneously maintained, we have emphasized that they should be "accurate." Reconstructed records are inherently less accurate and rely on memories that fade and documents that disappear or are destroyed. The farther back in time applicants must travel to reconstruct past events, the less credible reconstructed records become. While a lack of contemporaneous record keeping does not per se result in a denial of fees, where reconstructed records become a mere guess by the applicant, it is difficult, if not impossible, for a reviewing court to

make an independent evaluation as to what fees are actual, necessary and reasonable based upon a record sufficiently detailed and accurate to support that evaluation. The harsh sanction of total denial of compensation is a rare one. However a court should only award fees *to the level* that has been proven to be actual, necessary and reasonable. Any lesser requirement would make the applicant's burden of proof a mere shell.

> *Id.; see also In re Pinkins*, 213 B.R. 818, 824 (Bankr.E.D.Mich.1997).

**24.** In the future, of course, it would be prudent for the Chapter 7 Trustee to maintain time records contemporaneously with the services he performs in administering bankruptcy estates, at least in all "asset" cases and in "no asset" cases that might later become "asset" cases.

fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*See Geier*, 372 F.3d at 792. Although " 'many of these factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate to arrive at the lodestar figure' " in the first step of the analysis, some of these factors may still serve as a basis for an upward or downward adjustment of the lodestar figure in the second step of the analysis. *Id.* at 793–94. For example, in a case where "the quality of service rendered was superior to that one reasonably should expect in light of the hourly rates charged and that the success was 'exceptional,' " an upward enhancement may be appropriate. *Id.* at 794.

### i. Reasonable hourly rate.

 There is no dispute in this case regarding the Trustee's hourly rate. Debtor does not object to the $200 per hour rate normally charged by the Trustee, and the Court finds the Trustee's hourly rate to be reasonable given this Trustee's experience, knowledge and skill, not only as a panel trustee, but also in the practice of bankruptcy law. Thus, the rate of $200 per hour will be used in making the lodestar calculation.

### ii. Proven number of hours reasonably expended by the Trustee.

 The parties disagree about the number of hours reasonably expended by the Trustee in performing services in this case. Debtor argues that the only Trustee hours that should be considered are the 2.1 hours listed at no charge on the fee application of the Trustee's counsel, under the heading "Trustee." This was the only documented time for the Trustee as of the initial hearing, because the Trustee had not maintained contemporaneous time records. However, after that hearing, as the Court directed, the Trustee supplemented his initial fee application with time entries he reconstructed for services he performed in administering the estate.[25]

Debtor argues that the narrative in the Trustee's attorney's fee application shows that, with the exception of the 2.10 hours designated under the heading "Trustee," the Trustee's counsel, not the Trustee, performed all the necessary services for the estate.[26]

The Court will consider each time entry listed on the Summary appearing on page 13 of the "Brief in Support of Trustee's Request for Compensation." The first time entry is for the 2.1 hours. It is based on five time entries on the Trustee's attorney's fee application under the heading "Trustee," for which no charges were billed. These time entries were maintained contemporaneously with the services that were performed. The services performed concern the sale of the Property, the primary asset of the estate, and were clearly necessary to administration of the estate. The time charged was also reasonable for the services performed. The Court therefore, finds that the time entry for 2.1 hours is fully compensable.

 The next category of time entry is for 1.3 hours. The documentation supporting these hours is found on Exhibit B to the "Brief in Support of Trustee's Re-

---

**25.** (*See* Br. in Supp. of Trustee's Req. for Compensation at 13.)

**26.** (Debtor's Resp. to Br. in Supp. of Trustee's Req. for Compensation at 2–3.)

quest for Compensation." This time is derived from nine time entries on the Trustee's attorney's fee application for inter-office conferences between the Trustee and the Trustee's attorney.

▉ There is no per se prohibition against awarding compensation for intra-office conferences. Bankruptcy courts generally allow fees related to conferences between attorneys of the fee applicant's firm if (1) the fee application contains " 'sufficient information to permit the court to evaluate the necessity of the service provided, the reasonableness of the time spent on the service, and the reasonableness of the fee charged for the service— including the need for a conference,' " and (2) the court finds that such conferences were necessary and benefited the estate. *In re Poseidon Pools of America, Inc.,* 180 B.R. 718, 731 (Bankr.E.D.N.Y.1995) (quoting *In re Office Products of America,* 136 B.R. 964, 976–77 (Bankr.W.D.Tex.1992)); *see also In re Almacs, Inc.,* 178 B.R. 598, 605–606 (Bankr.D.R.I.1995); *In re Bass,* 227 B.R. 103, 109 (Bankr.E.D.Mich.1998).

Here, the time entries relating to intra-office conferences do contain sufficient detail for the Court to determine that they were necessary and beneficial to the administration of the bankruptcy case. They contain the names of the attorney involved in the conference with the Trustee and the specific issue(s) discussed in the conferences. And the time spent in each conference was minimal. The Court finds that this category of time entries, totaling 1.3

hours in the Trustee's Summary, is reasonable.

▉ The next time entry for 5.6 hours is for work performed by a paraprofessional assistant of the Trustee. The Trustee states that this time spent by his assistant is "not considered separately compensable by the estate in this district" as it is considered overhead.[27] But the Trustee urges the Court to consider this overhead expense incurred by the Trustee, attributable to this case, in evaluating the reasonableness of the Trustee's fee request. The Court will do so. The Court concludes that even if it is not "separately compensable," this time spent by the Trustee's paraprofessional assistant is a "relevant factor" in determining the reasonableness of the Trustee's fee within the meaning of § 330(a)(3)(A).[28]

Debtor argues that the time the Trustee's assistant spent on this case is "significantly overstated."[29] This 5.6 hours of time purportedly is the sum of all of the time entries shown on the five-page Exhibit C to the Trustee's brief. But according to the Court's calculations, the sum of all of the time entries on Exhibit C is 10.5 hours, not 5.6 hours as stated in the Summary. It appears that the Trustee did not include the time entries on the first two pages of Exhibit C when totaling the Exhibit C time. (The time entries on the last three pages total 5.6 hours.) The time entries on Exhibit C were not maintained contemporaneously with the services performed, but rather were recreated by the

---

27. (*See* Br. in Supp. of Trustee's Req. for Compensation at 12.)

28. There is authority holding that when a Trustee uses a paraprofessional to aid him in fulfilling his duties, the reasonable paraprofessional time is compensable if the paraprofessional is not billing for clerical work, which is considered overhead and not separately compensable. *See* 11 U.S.C.

§ 330(a)(1)(A); *In re A-1 Hydro Mechanics Corp.,* 106 B.R. 198, 199 (Bankr.D.Hawaii 1989). A review of the Trustee's assistant's entries in this case show that they are not "clerical" in nature.

29. (Debtor's Resp. to Br. in Supp. of Trustee's Req. for Compensation at 4 (referencing Ex. C to Br. in Supp. of Trustee's Req. for Compensation.").)

paraprofessional assistant based on "various reporting requirements and other duties required of Trustee's performance of his duties in administering this case."[30] Thus, these time entries must be reviewed carefully due to the less reliable method of assembling them, especially since many of the entries are for services performed in 2002. Having reviewed the entries carefully, however, the Court finds that all the entries are justified—*i.e.*, the services were necessary, and the time was actually spent and was reasonable.

Thus, the total amount of hours the Court finds are reasonable for the service described in Exhibit C is 10.5 hours. The Court also finds that it is appropriate to apply to these hours the rate of $75.00, the rate at which the paraprofessional is billed by the Trustee's firm.[31]

■ The next category of time entry is for "3–4" hours of Trustee time. According to the Trustee, this time entry is based on Trustee time that indirectly appears on the Trustee's assistant's reconstructed time records. The Trustee does not designate which of the time entries on his assistant's time record he is using to calculate these hours, and what amount of time he attributes to the particular services he believes are reflected in that billing record. Thus, the Court will credit the Trustee with only 1 hour based on its review of Exhibit C. The Court finds that this amount of time is justified given the Trustee's review of the Schedules, his attend-

ance at the § 341 hearing, his preparation of the interim report and the final report and account, and the Trustee's discussion on 02/08/04 with his assistant on the issue of "whether to submit a Certificate of Distribution."

■ The next category of time on the Summary is 1.1 hours for the time the Trustee spent assembling time records. The Court finds this time is not for necessary services, and is not reasonable, so it will be disallowed. This time was spent by the Trustee because he had to reconstruct time records. Had the Trustee maintained time records contemporaneously with the services performed, this extra time spent would have been unnecessary.

The next category of time is for 2.3 hours, for the Trustee's assistant's time spent in assembling time records. For the same reasons the Court disallowed the Trustee's time for assembling time records, the Court disallows this entry as unnecessary and unreasonable.

■ The remaining time entries on the Trustee's Summary, totaling 16.1 hours of Trustee time, relate to the time the Trustee spent in defending his fee application after Debtor objected to it. Debtor argues that any hours related to the Trustee's defense of his position regarding his fee application are not compensable. Normally, time reasonably spent preparing and defending a fee application may be compensable under § 330.[32] But

---

30. (Br. in Supp. of Trustee's Req. for Compensation at 12.)

31. Trustee states that "[w]hen performing services as a paralegal for [the Trustee's firm, the paraprofessional assistant] is billed at an hourly rate of $75." (Br. in Supp. of Trustee's Req. For Compensation at 12 n. 1.)

32. *See* 11 U.S.C. § 330(a)(6); *In re On Tour, L.L.C.*, 276 B.R. 407, 418 (Bankr.D.Md. 2002)("This court had taken the majority po-

sition set out in cases such as *In re Nucorp Energy, Inc.*, 764 F.2d 655, 662 (C.A.9 1985), that bankruptcy counsel should be compensated for preparing and defending fee applications."); *In re Computer Learning Centers, Inc.*, 285 B.R. 191, 220–21 (Bankr.E.D.Va.2002)(explaining that "[b]ankruptcy courts are ... increasingly allowing additional compensation for successfully defending fee applications," and discussing cases allowing fees for the defense of a fee

here, the estate should not bear the entire cost of the Trustee defending his fee application, because the Court has rejected the Trustee's position in substantial part; the Trustee has been only partially successful. *See Boddy*, 950 F.2d at 338 ("results obtained" may be considered by court in determining lodestar fee amount). Under the circumstances of this case, 16.1 hours for such services is not reasonable. Based on the Trustee's limited success on the fee issues, the Court will approve as reasonable and necessary roughly half of the 16.1 hours, or 8 hours, for this work.

To summarize, then, the Court finds that the amount of time actually and reasonably spent on this case is as follows:

| | |
|---|---|
| Trustee time directly appearing on Fee Application of counsel | 2.1 hours |
| Trustee time indirectly appearing on Fee Application of counsel (Exhibit B) | 1.3 hours |
| Trustee Assistant time (Exhibit C) (billed at $75/hr.) | 10.5 hours |
| Trustee time indirectly appearing on Assistant records | 1.0 hours |
| Trustee time spent assembling time records | 0.0 hours |
| Trustee Assistant time spent assembling time records ($75/hr.) | 0.0 hours |
| Trustee time appearing preparing for and appearing at March 18, 2004 hearing<br>Trustee time spent researching and drafting brief (Exhibit D)<br>Estimated time . . . spent at adjourned hearing on Objections to Trustee compensation | 8.0 hours |

### iii. The lodestar figure.

As indicated in the Court's summary above, a total of 12.4 hours should be multiplied by the Trustees' normal hourly rate of $200 to arrive at $2,480.00. A total of 10.5 hours should be multiplied by the paraprofessional's normal hourly rate of $75 for a total amount of $787.50. The lodestar figure in this case therefore, is $3,267.50.

### iv. Possible upward adjustment of the lodestar amount.

■ After considering the Trustee's arguments and the *Johnson* factors, the Court concludes that this case does not warrant an upward (or downward) adjustment to the lodestar figure. The case did not involve complex factual or legal issues, lengthy litigation, or hidden assets. Debt-

or cooperated with the Trustee in the sale of the Property, which was the primary asset of the estate, and waived his claim of exemption in the Property, promptly after receiving a letter objecting to it. The Trustee filed an adversary proceeding against Comerica to avoid the third mortgage, but it appears that Comerica had no defense. There apparently was little risk that the Trustee would not prevail in that litigation, and Comerica, without costly litigation, stipulated to the avoidance of its mortgage. Moreover, the fees requested by the Trustee's counsel (Trustee's firm) for its work have been allowed in full.

There seems to be no question that the Trustee competently performed all of his duties in this case, as did the Trustee's firm, and both did an excellent job of keeping the costs of administration at a

application); *Nunley v. Jessee*, 92 B.R. 152, 154 (W.D.Va.1988)(relying on the language of § 330 and "the clear law in this circuit concerning fee awards in analogous contexts, such as civil rights and antitrust cases," for

its decision that the two years of litigation costs incurred by an attorney who had represented a Chapter 11 debtor in defending a bankruptcy court's fee award on appeal were compensable).

minimum, all of which was beneficial to the creditors and Debtor. But this alone does not justify an upward adjustment to the lodestar figure in this case.

Finally, the Court is mindful that panel trustees receive compensation of only $60 in the many "no asset" cases assigned to them. But to award the Trustee an upward adjustment from the lodestar figure for this reason in effect would be to tax Debtor and the creditors in this case because the Trustee is not adequately compensated in other (no-asset) cases. Nothing in § 330, § 326(a), or elsewhere in the Bankruptcy Code remotely suggests that this would be appropriate. *See generally Staiano v. Cain (In re Lan Associates, XI, L.P.)*, 192 F.3d 109, 122, 124 (3d Cir. 1999)(while the specific factors in § 330(a) are not exclusive and § 330(a) permits consideration of "all relevant factors," the bankruptcy court may "consider . . . only those factors which are somehow pertinent to assessing the trustee's services").

This Opinion does not attempt to describe all of the circumstances in which it might be appropriate to make an upward adjustment of the lodestar fee amount for a Chapter 7 Trustee. The Court simply concludes that such an upward adjustment is not warranted in this particular case.

## IV. Further comments.

The Court would add these comments. First, there may be a good many Chapter 7 cases in which a trustee fee in the full amount of the § 326(a) maximum is reasonable under § 330, and should be allowed. (Although the Court has concluded that this case is not one of them.) Second, the reasonableness of a Chapter 7 trustee's fee application must be determined on a case-by-case basis. And third, in the rare case (like this one) in which a party objects to a Chapter 7 trustee's fee application, reasonableness is reviewed in light of the objecting party's arguments, in addition to any independent concerns the Court might have.

## V. Conclusion.

Accordingly, the Court finds that under Bankruptcy Code § 330, the reasonable compensation for the services the Trustee performed in this case is $3,267.50. The Court will enter an order allowing Trustee fees in this amount.